## LOTT *v.* PITTMAN, SHERIFF OF WARE COUNTY, GEORGIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 894. Submitted April 13, 1917.—Decided April 30, 1917.

A writ of error to review a sentence of murder was heard by the Supreme Court of Georgia *in banc* and, the six justices being evenly divided, the sentence was affirmed pursuant to Georgia Code of 1910, § 6116. Three of the justices participating did not hear the argument, and one of them, voting affirmance, was not then appointed, but after his appointment and before the affirmance notice

. was given affording the convicted person opportunity for a reargument, of which he did not avail himself. *Held,* that the affirmance was not in violation of due process of law.

A right of appeal is not essential to due process under the Fourteenth Amendment, and where it is allowed the State may prescribe the conditions and procedure.

· THE case is stated in the opinion.

*Mr. John Randolph Cooper* and *Mr. T. A. Wallace* for appellant.

*Mr. Clifford Walker,* Attorney General of the State of Georgia, for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Petition in *habeas corpus,* in which appellant was petitioner, which presents the following facts, stated narratively:

Appellant is confined in the common jail of Ware County in execution of a life sentence upon conviction for murder, the sentence having been affirmed by the Supreme Court of the State. The court was evenly divided in opinion and therefore the judgment was affirmed by operation of law under the provision of that part of § 6116 of the Code of Georgia of 1910 which is as follows: "In all cases decided by a full bench of six Justices, the concurrence of a majority shall be essential to a judgment of reversal; and if the Justices are evenly divided, the judgment of the court below shall stand affirmed."

Three of the judges did not hear the argument but participated in the opinion of the court.

The case was argued before the Supreme Court on June 3, 1916, and when it was argued Justice Gilbert was not even a member of the court but was appointed in

September, 1916, to fill the place made vacant by the death of a member of the court.

Upon these facts it is averred that appellant was denied a right guaranteed by the Constitution and laws of the United States, the benefit of counsel and right to be heard, which abridged his privileges and immunities as a citizen of the United States, deprived him of liberty without due process of law and of his right to have a judicial determination of his guilt or innocence by a reviewing court.

Attached to the petition was a transcript of the record in the trial court and the Supreme Court.

His prayer to be discharged was denied. An appeal was allowed, the court certifying that there was probable cause.

It appears from the transcript of the record that the judgment affirming the sentence was rendered after Justice Gilbert had taken his seat as a member of the court and that if he had not taken part the judgment would have been reversed. It also appears that after the judgment a petition for rehearing was filed which attacked the statute permitting a judgment of affirmance by a divided court upon the same grounds as those alleged in the petition for *habeas corpus* and now urged here, and also attacked the judgment for the participation therein of Justice Gilbert.

It was stated in the petition for rehearing as follows:

"This case having been heard before three Justices by oral argument, or rather Wash Lott having appeared by attorneys, the case having been passed upon by the Court as a whole consisting of the entire six Judges, and the defendant not having been heard before the said six Judges either in person or by attorneys, movant begs leave to call the Court's attention to Section 6115 of the Code of 1910, which is as follows:

"'Whenever any Justice in either division differs from the other two as to any particular case pending be-

fore it, such case shall go to the Court as a whole, or any one or more Justices of the other division may be argued before one division only, it may, upon its own motion, but not otherwise, order a reargument therein.'" [1]

It was suggested that the court "hear reargument in this case on its own motion" because the court had overlooked the section of the code quoted above and the provision of the Constitution of the United States which gives assurance that no person shall be deprived of his liberty without due process of law.

The petition was filed November 24th and overruled December 19, 1916. Upon what consideration it does not appear; but it may be presumed that the court was of opinion that the statute of the State had been adequately complied with. The Attorney General asserts in his brief, and there is no denial by appellant, that after the appointment of Justice Gilbert notice was given to parties and counsel in all cases then pending in which argument had been heard prior to his appointment and which were to be passed on by him, setting a time for reargument of such cases. The appellant, therefore, was given an opportunity to be heard. Besides the right of appeal is not essential to due process. *Reetz* v. *Michigan*, 188 U. S. 505, 508. It was, therefore, competent for the State to prescribe the procedure and conditions, and the cases cited by appellant are not apposite.

*Order affirmed.*

---

[1] REPORTER'S NOTE: This section was erroneously codified in the Code of 1910. It should read as follows: "Whenever any Justice in either division differs from the other two as to any particular case pending before it, such case shall go to the court as a whole for decision; and whenever it decides a case which has been argued before one division only, it may, upon its own motion, but not otherwise, order a reargument therein." See Code of 1911, § 6115, and note.