STATE of Arkansas *v*. John GLENN and
David HAMILTON

CR 79-191

Opinion delivered January 14, 1980
(In Banc)

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,*
Asst. Atty. Gen., for petitioner.

*William R. Simpson, Jr.,* Chief Deputy Public Defend-
er, and *Alan Nussbaum,* for respondents.

George Rose Smith, Justice. Early in the morning of
February 4, 1978, a homicide occurred at the home of the

respondents, Glenn and Hamilton, in Little Rock. The fatal shooting arose from an argument between the respondents on the one side and two visitors, Eichenbaum and Parker, on the other, about the sale of marihuana. The police investigated the homicide, and later in the month Parker was charged with the murder of Eichenbaum. Both the respondents testified as witnesses for the State at a preliminary hearing in the murder case, held in the municipal court on February 22.

On May 30 the two respondents were jointly charged in the present case with possession of marihuana on the night of the homicide, with intent to deliver. Both defendants filed motions to suppress evidence of certain marihuana seized during the police investigation. The case was tried without a jury on March 19, 1979. The court first heard the evidence on the motions to suppress and tentatively granted the motions. The hearing then went on to the merits of the case. After both sides had rested the judge indicated that he would also exclude the State's remaining evidence upon the marihuana charge; that is, two statements taken from Hamilton by the police and the testimony of both defendants at the preliminary hearing on the homicide charge against Parker. A month later, after the parties had submitted briefs on the admissibility of the evidence, the judge adhered to his position and announced that the charges would be dismissed for insufficiency of proof. The judge, however, offered to permit the prosecution to take an interlocutory appeal on the evidentiary questions, adding that if the case were reversed it would have to be tried all over again, as the judge might have forgotten the testimony by then. The deputy prosecutor replied that he would take the interlocutory appeal. The court took the case under advisement pending the outcome of the appeal.

An interlocutory appeal, presenting three questions about the admissibility of evidence, was taken to the Court of Appeals. That tribunal, in an unpublished opinion delivered on September 19, reversed the trial court on two of the three points and remanded the cause for further proceedings. We granted certiorari in the belief that the case presented a question of statutory interpretation with respect to

Uniform Evidence Rule 804, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

We do not reach the merits of the State's contentions, for it is too late for appellate jurisdiction to be invoked by means of an interlocutory appeal. Of course, the want of an appealable order is a jurisdictional matter that this court will raise itself.

The Rules of Criminal Procedure (1976) permit an interlocutory appeal by the State only with respect to a pretrial order suppressing evidence. Rules 16.2 and 36.10. At that point jeopardy has not attached. The rules are intended to permit the State to obtain a review of a ruling upon the admissibility of evidence essential to the prosecution's case. (As originally drafted, Rule 36.1 similarly allowed a defendant to enter a conditional plea of guilty and take an interlocutory appeal after the denial of a motion to suppress evidence. That provision, however, was deleted before Rule 36.1 was approved. See the third paragraph [which should also have been deleted] of the Commentary following Rule 36.1.)

Jeopardy attaches when the jury is finally sworn to try the case or, in a trial to the court, when the taking of evidence begins. *Jones* v. *State,* 230 Ark. 18, 320 S.W. 2d 645 (1959) (jury trial); Annotation, 49 A.L.R. 3d 1039 (1973) (nonjury trial). Thus the State might have taken an interlocutory appeal after a pretrial hearing upon the motions to suppress the seized drugs, but that procedure was no longer available when the trial proceeded to the merits. A criminal trial cannot be suspended for weeks or months to allow an appeal from an interlocutory ruling upon the admissibility of evidence. Nor can this case be tried all over again, as the trial judge suggested, owing to the prohibition against double jeopardy.

It follows that the trial court's rulings that the State's evidence was inadmissible must stand, whether correct or not. There being no other substantial evidence to sustain the charges, the cause must be remanded for the entry of a final judgment for both defendants.

Reversed.