Janice McVEY *v.* Charles L. DANIELS, Director of
Labor and COLLEGE OF THE OZARKS

E 80-70                                   605 S.W. 2d 483
Court of Appeals of Arkansas
Opinion delivered September 24, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellee.

Marian F. Penix, Judge. The Claimant was employed
by the College of the Ozarks where she had worked eight
years on one year contracts. Her last contract began with
September, 1979. The contract provided for twelve equal
monthly payments of her yearly salary. When she terminat-
ed her contract in January 1980 she agreed the employer
would pay her the balance in one lump sum. The agency rul-
ed she would be considered employed until August 31, 1980,
the expiration of the contract. This ruling was because of the
matter of payments and also the nature of her contract. The
Claimant contends she is not employed and that the lump
sum payment was merely in the nature of a dismissal pay-
ment. The Agency ruled the Claimant cannot be considered
unemployed under Section 4(c) of the Arkansas Employment
Security Law.

The testimony revealed the Claimant was· offered a

transfer from the director of admission to a similar position in the Study Skills Center. The Claimant declined the transfer because she contended she was not qualified for the Study Skills Center job. The Claimant was offered three options: 1. transfer to the Study Skills Center, 2. lump sum payment of the remainder of her yearly salary under her contract, and 3. monthly payments of the remainder of her salary until August 31, 1980.

The Claimant testified she chose not to take the job for which she considered herself not qualified and opted to accept the balance of her contract in a lump sum. She testified the College was legally required to pay her the lump sum because they could not show due cause for terminating her contract. She testified she signed an agreement under duress which stated:

> By accepting the pay-off of your contract, the College of the Ozarks, as well as its agents and employees, would be released from all liability as a result of the termination of your employment. The consideration for the release of liability, of course, would be the payment to you of the balance of your contract.

President John Burhorn testified he considered the Claimant qualified to do the job to which the College wanted to transfer her. The Claimant had testified she considered herself not qualified.

The Claimant contends the money received cannot be considered wages because she performed no services nor is performing any services for the money. The College contends the lump sum represents wages she would be receiving until August 31, 1980.

The Claimant received a letter from President Burhorn in which he told her to vacate her office no later than 5:00 p.m. Friday January 11.

Upon appeal to the Arkansas Board of Review the Claimant was held to be ineligible for unemployment benefits under the provision of Section 4(c).

Section 4(c) requires:

Such worker is unemployed, physically and mentally able to perform suitable work, and is available for such work . . .

Section 2(m) defines Week of Unemployment as follows:

(m)(1) An individual shall be deemed "unemployed" with respect to any week during which:
(A) he performs no services, *and*
(B) no wages are payable to him with respect to that week, . . .

When this definition is inserted into the requirement of 4(c), we find the claimant is not unemployed. She has received wages which were payable to her for the weeks in question. She chose to receive the weekly or monthly wages in one lump sum. This does not negate the fact that this pay was for services which would have been performed had the contract been fulfilled.

A similar decision is *Gollender* v. *Morgan, Administrator, Employment Division*, 17 Or. App. 104, 520 P. 2d 453 (1974). Gollender, a college professor, was employed by Pacific University pursuant to a twelve month contract. This contract wsa not renewed. Gollender sued for unemployment benefits at the cessation of his teaching duties in May even though he was being paid pursuant to his contract until August 31. Benefits were denied. On affirming the Employment Division's denial of benefits, the Oregon Court of Appeals stated the test for unemployment under the Oregon Statute turned on when remuneration ended. See also, *Hanna* v. *Employment Division, et al*, Or. App., 550 P. 2d 758 (1976).

Finding the Board of Review correctly found the claimant to be disqualified under 4(c) of the Act, we affirm.

Affirmed.