James FULLERTON *v.* SOUTHSIDE SCHOOL DISTRICT et al

80-311                                        613 S.W. 2d 827

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*Jim Burnett*, for appellant.

*Carter & Woods*, for appellees.

GEORGE ROSE SMITH, Justice. The Teacher Fair Dismissal Act of 1979 specifies certain steps that must be taken before a school district can refuse to renew the contract of a teacher who has been employed by the district for three successive years or more, Ark. Stat. Ann. §§ 80-1264 *et seq.* (Repl. 1980). In the spring of 1980 the Southside School District refused to renew the appellant's teaching contract. The circuit court upheld the district's decision. This appeal, in which Fullerton argues that the statute and the district's own rules were not complied with, comes to us under Rule 29 (1) (c).

In March, 1980, Superintendent Griffith notified Fullerton that his contract had been renewed. Patrons of the district, however, appeared at the next meeting of the school board and presented a petition opposing the renewal of the contract. The superintendent sent Fullerton a copy of the petition and informed him that the renewal was being reconsidered. Fullerton requested an executive (closed) meeting with the board, which was arranged. At that meeting the board members questioned Fullerton and with his consent adjourned the meeting to a later date so that statements could be obtained from the protesting patrons.

At the adjourned meeting the statements were presented to Fullerton, who was given an opportunity to respond to them. Neither side requested that the proceeding be recorded. § 80-1264.8 (d). A week later the board met, decided not to renew Fullerton's contract, and notified him of that decision. After Fullerton's request for an additional hearing had been denied he appealed to the circuit court. § 80-1264.9.

The statute provides that a teacher's contract will be renewed unless the teacher "is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed." § 80-1264.3. In this instance no such recommendation was made by the superintendent. Fullerton argues that the omission was fatal, because the statute contemplates "that the initial decision to dismiss must be a professional decision rather than a political decision."

We do not so construe the statute. The sole power to terminate a teacher's contract is vested in the district's board of directors. § 80-1264.9. Yet if the superintendent's recommendation for dismissal were essential to the termination of a contract, the superintendent could assure the indefinite retention of an incompetent teacher simply by not recommending dismissal. We are unwilling to say that the legislature meant to confer such a veto power on the superintendent. Here Fullerton was given notice of the charges against him and an opportunity to be heard. There is no contention that the patrons' complaints about Fullerton concerned matters requiring the superintendent's professional judgment. We find substantial compliance with the requirements of the statute.

Second, Fullerton argues that the district did not comply with its own personnel regulation, which provides that if the board intends to dismiss a teacher it must inform him of the charges, supply him with the names of the witnesses and the nature of their testimony, and accord him a hearing upon request. Without deciding whether the 1979 act superseded the district's regulation, we are satisfied that there was substantial compliance with the regulation in that Fullerton eventually received all the required information

and a hearing. No prejudice is shown to have resulted from any want of strict compliance.

Affirmed.