Norma S. McELROY *v.* JASPER SCHOOL DISTRICT

80-309                                          617 S.W. 2d 356

Supreme Court of Arkansas
Opinion delivered June 15, 1981

144

*Cearley, Gitchell & Mitchell & Bryant*, by: *Richard W. Roachell,* for appellant.

*Pinson & Reeves*, by: *Kenneth Reeves*, for appellee.

John I. Purtle, Justice. The Newton County Circuit Court upheld the Jasper School District Board of Education in its refusal to renew the contract of the appellant who was a probationary teacher. For reversal appellant argues the appellee school district violated her rights by failing to strictly observe the state statutes and policies adopted by the school board. We feel the board acted within its authority and substantially complied with the state law and the board's own policies.

The appellant was employed by the appellee school district for a school term beginning on August 20, 1979, and expiring on May 16, 1980. This was appellant's first year as a teacher. According to the principal and superintendent of schools, during the year she experienced problems in maintaining classroom discipline. She was counseled several times concerning problems in her work and the lack of progress made in remedying the deficiencies. When it was time for renewal of the contract, the appellant was not recommended for a second contract. Appellant was notified by a letter from the superintendent, dated April 2, 1980, that he would not recommend her contract be renewed. He gave reasons for his action and offered her an opportunity to request a hearing before the school board. The hearing was

requested and held on May 5, 1980. The appellant was present and represented by a person from the Arkansas Education Association.

Pursuant to Ark. Stat. Ann. § 80-1256 (Repl. 1980), the board adopted personnel policies. Ark. Stat. Ann. § 80-1259 (Repl. 1980) requires that copies of the personnel policies will be furnished to each teacher employed by the district. The testimony indicates that appellant was not furnished a copy of the current personnel policies. Among the policies adopted by the school board were: the requirement that a teacher be evaluated at least twice during the school term; that teachers be given a written copy of their evaluations; and that teachers sign their evaluation. It is not disputed that the administrative personnel of the district failed to strictly comply with these particular policies.

Following the hearing by the school board on May 5, 1980, appellant was notified that the board was following the recommendation of the superintendent and not renewing her contract for the following year. An appeal was taken to the Circuit Court of Newton County pursuant to Ark. Stat. Ann. § 80-1264.9 (Repl. 1980). The circuit court affirmed the action of the school board.

The Teacher Fair Dismissal Act of 1979, as amended, provides that teachers with more than three years' experience shall have a right to a hearing when their contract is not renewed. A teacher who has not completed three successive years' employment in the district does not have a right to a hearing upon failure to renew the contract. Section 9 of Act 766 of 1979 is codified as Ark. Stat. Ann. § 80-1264.8 (Repl. 1980). This statute authorizes a first year teacher or any teacher to request a hearing upon receipt of a notice of recommended termination. However, only a teacher with more than three successive years with the district is entitled to a hearing for non-renewal recommendations.

In the present case it is not disputed by the parties that the formal notice required by the act was properly given. There is no dispute that the appellant is a "probationary teacher." Since Act 766 has not given the appellant the right

to a renewal of her contract, to be given any reason for non-renewal, or even to have a hearing upon failure to renew, we must determine if there are other grounds which grant such a right. The only other possible grounds are the district's own policies. We have many times held that the sole power to terminate a teacher's contract is vested in the district's Board of Education. We have also recently held that substantial compliance with the statutory requirements is all that is required. *Fullerton* v. *Southside School District*, 272 Ark. 288, 613 S.W. 2d 827 (1981). In the present case we find there was substantial compliance. The appellant was given frequent conferences during the school year which certainly would substantially comply with the board's policy of twice a year evaluation. Furthermore, she was present when the school administrator made written evaluations and she was aware of the contents of same. Although she apparently was neither given a written copy of the evaluations nor did she sign them, there is no contention that she was unaware of their existence or contents. It is true there is no evidence that the appellant received a written copy of the board's policy as required by statute; however, it is not argued that her rights were substantially affected by the failure to receive the written policies or a copy of the evaluations. The superintendent and the board granted the appellant a hearing at which she was allowed to refute anything which had been said concerning her or her duties at the school. She also had a representative of the AEA with her during the hearing. A record of the hearing reveals that the board simply exercised its discretion to follow the recommendation of the superintendent in declining to renew the appellant's contract for the second year. Although the hearing was not required, the record of that hearing reveals adequate grounds for the action taken even if such hearing had been required.

We do not mean to imply that a school district may ignore its own policies in dealing with personnel. The legislature mandated that school districts adopt personnel policies. Having done so, it is only reasonable to expect that the various boards will at least substantially comply with their own policies.

In the recent case of *Maxwell* v. *Southside School Dist.,* 273 Ark. 89, 618 S.W. 2d 148 (1981), we held the failure of the board to follow its adopted policies entitled the probationary teacher to renewal of her contract. However, in *Maxwell* there was not even colorable compliance by the district with its current policies. Here, as in *Fullerton*, supra, we find the Board of Education substantially complied with its current policies.

We think the complete and fair hearing offered to the appellant and conducted by the board, and the various conferences and evaluations by administrative personnel were more than adequate to compensate for any shortcomings which may have existed by the failure to strictly follow the school board policies. The appellant viewed the written evaluation form which was placed in her file. She received numerous face to face conferences with the superintendent and principal during the school year. She makes no claim that she was deceived or otherwise injured by the failure to follow the exact letter of the law as it relates to evaluations. In fact, she received more than the law requires. A non-probationary teacher is entitled only to know the reasons for failure to renew and an opportunity to be heard by the board. The appellant received both even though she was not entitled to either, as she was a probationary teacher.

Affirmed.