James ALLRED *v.* LITTLE ROCK SCHOOL DISTRICT

81-144                                              625 S.W. 2d 487

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Cearley, Gitchel, Mitchell & Bryant*, by: *Richard W. Roachell*, for appellant.

*G. Ross Smith, P.A.*, for appellee.

STEELE HAYS, Justice. This appeal raises issues under "The Teacher Fair Dismissal Act of 1979," Ark. Stat. Ann. § 80-1264 *et seq.* (Repl. 1980). Appellant was a probationary teacher in the Little Rock School District, having been employed less than the three consecutive years required by Section 2 (§ 80-1264.1). He challenges the release by non-renewal of his teacher's contract at the end of his first year of employment, contending provisions of the act were violated in that the notice of nonrenewal was not in compliance with Section 4 (§ 80-1264.3). The trial court decided these issues adversely and appellant asks us to reverse. We decline, as we think the arguments cannot be sustained.

Appellant first argues he did not receive adequate notice of nonrenewal pursuant to Section 4, which states in part:

> Every contract of employment hereafter made between a teacher and the board of directors of a school district shall be renewed in writing ... unless on or by the time provided in Subsection (b) of Section 4 of Act 319 of 1941 [§ 80-1304 (b)], as amended, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be re-

newed . . . A notice of nonrenewal shall be mailed by registered or certified mail to the teacher at the teacher's address as reflected in the teacher's personnel file.

The timeliness of the notice is not disputed, instead appellant contends that a certified letter from the superintendent dated May 20, 1980, did not constitute a sufficient notice of nonrenewal, but only told him that his name would not be presented to the Board for action.

The body of the letter reads:

At the conclusion of your probationary period, it was determined by Mrs. Gremillion that your overall teaching performance remained less than satisfactory.

*Therefore,* in support of Mrs. Gremillion's recommendation, you will not be presented to the Board of Directors at the May 29 board meeting for re-election for the 1980-81 school year. (Emphasis added)

We agree that the letter is not skillfully drawn, but to sustain the argument we must consider only that portion which reads "you will not be presented to the Board of Directors at the May 29 board meeting for re-election for the 1980-81 school year," and ignore the balance of the letter, for when it is read in its entirety it is impossible to say that it gives the impression that no action would be taken. The first paragraph tells appellant his teaching performance is unsatisfactory and, joined by the key word "therefore," the second paragraph tells him he would not be presented to the Board for re-election. The only plausible inference is that his contract was not being renewed. Appellant points to testimony by Mr. Richard Nagel, a former executive director of the Classroom Teachers' Association, that a distinction exists between nonrenewal and non-reelection as used under an existing negotiations agreement between the district and CTA — nonrenewal requiring affirmative action by the Board, whereas non-reelection does not. However, the trial court was not bound by Mr. Nagel's interpretation. There is evidence that the words "re-election" and "renewal" are used interchangeably and whether appellant even discussed

the May 20 letter with Mr. Nagel is unclear. In ordinary usage the two words have enough similarity to have put the appellant on notice, particularly under the circumstances of this case. In *Stricker* v. *Britt*, 203 Ark. 197, 157 S.W. 2d 18 (1941), it was said: "Anything that puts one on inquiry amounts to notice" and we believe the wording of the letter is sufficient to have put appellant on inquiry with respect to his rehiring.

The argument loses strength when the overall circumstances are examined. Appellant was hired in August 1979 to work through May 30, 1980. On October 1 Mrs. Gremillion, his principal, wrote him of deficiencies in his job performance and suggested ways he might improve. On November 1 Mrs. Gremillion sent an evaluation to appellant's project supervisor criticizing his performance and asking that he be replaced. Apparently a copy of this letter was sent to appellant. On November 2 the project supervisor wrote appellant that his performance was generally unacceptable and listed eight "problem areas" which he said "*must*" be remedied. On December 7 appellant was placed on probation and advised a failure to remedy the deficiencies could result in non-reelection or dismissal. By letter dated March 10 Mrs. Gremillion advised appellant of his lack of progress in six of the eight "problem areas" and on March 19 she wrote that she was not recommending him for employment in the 1980-81 school year.

The May 20 certified letter noted that the proposed action was "in support of Mrs. Gremillion's recommendation." When these letters are read together along with the other evidence, we cannot say the trial court's finding that appellant received sufficient notice of nonrenewal of his contract was clearly erroneous. A. R. Civ. P., Rule 52. We find there was substantial compliance with the statutory requirements. *McElroy* v. *Jasper School District*, 273 Ark. 143, 617 S.W. 2d 356 (1981); *Fullerton* v. *Southside School District*, 272 Ark. 288, 613 S.W. 2d 827 (1981).

Appellant also argues the trial court erred in finding he was not entitled to a hearing before the Board of Directors of the School District. Appellant urges that Section 10 (§ 80-

1264.9) impliedly grants probationary teachers the right to a hearing upon termination or nonrenewal:

> Upon conclusion of its hearing with respect to the termination or nonrenewal of a teacher contract of a teacher who has been employed as a full-time teacher by the School District for less than three (3) continuous years, the Board shall take action on the recommendations by the Superintendent with respect to the termination or non-renewal of such contract.

It is true that this section creates an inference that hearings will be held on nonrenewal of a probationary teacher. But it is at best ambiguous and it cannot be squared with distinct and unequivocal wording in the preceding section:

> A teacher who receives a notice of recommended termination or a teacher who has completed three (3) successive years of employment in the district who receives a notice of recommended nonrenewal may file a written request with the School Board of the district for a hearing. . . .

This identical issue was recently considered in *McElroy* v. *Jasper School District, supra,* and we held the legislative intent was to create a right to a hearing by probationary teachers for termination but *not* for nonrenewal:

> . . . A teacher who has not completed three successive years' employment in the district does not have a right to a hearing upon failure to renew the contract. Section 9 of Act 766 of 1979 is codified as Ark. Stat. Ann. § 80-1264.8 (Repl. 1980). This statute authorizes a first year teacher or any teacher to request a hearing upon receipt of a notice of recommended termination. However, only a teacher with more than three successive years with the district is entitled to a hearing for nonrenewal recommendations. (At p. 145.)

Appellant concedes that *McElroy* is controlling but urges its reversal. But we believe that in *McElroy* the statute

was correctly construed and we decline to overrule.

The judgment is affirmed.

HICKMAN, J., concurs.

See concurring opinion *Chapman* v. *Hamburg Public Schools*.