David NORDIN *v.* HARTMAN PUBLIC SCHOOLS

81-131                                        625 S.W. 2d 483

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Cearley, Gitchel, Mitchell & Bryant,* by: *Richard W. Roachell,* for appellant.

*Bethell, Callaway & Robertson* by: *Edgar B. Bethell,* for appellee.

ROBERT H. DUDLEY, Justice. The sole issue in this case is whether the Teacher Fair Dismissal Act, Ark. Stat. Ann. §§ 80-1264 — 80-1264.10 (Repl. 1980) confers jurisdiction on the circuit court to hear an appeal from the decision of a school board to nonrenew the teaching contract of a

probationary teacher when no constitutional issues are involved. Appellant, David Nordin, taught school in the Hartman Public School District under a one-year contract for the 1979-80 school year. The superintendent notified appellant by letter that he would not recommend renewal of appellant's contract. Appellant then requested and was granted a hearing before the school board. The board followed the superintendent's recommendation and voted for nonrenewal. Appellant subsequently filed a notice of appeal in the Johnson County Circuit Court. The appeal stated that the school board's violation of its own policies and of state law constituted a breach of contract. The school board moved to dismiss the appeal. The circuit court refused to dismiss the appeal holding that a right of appeal exists if the probationary teacher was nonrenewed on constitutionally impermissible grounds. The board did not appeal that ruling and that issue is not before us. Counsel then stipulated that no federal constitutional issues were involved. The board subsequently filed a motion to dismiss and the trial court held that the Teacher Fair Dismissal Act does not confer jurisdiction on the circuit court to hear an appeal from the decision of a school board to nonrenew the teaching contract of a probationary teacher when no constitutional issues are involved.

Appellant now contends that the circuit court erred in dismissing the case because the act provides the right to an appeal to circuit court by a probationary teacher. Appellee does not cross-appeal that part of the ruling holding that there is a right of appeal when constitutional issues are involved. We affirm the trial court's action in dismissing the appeal.

A thorough analysis of the Teacher Fair Dismissal Act, supra, reveals that it symmetrically deals with separate categories of school employees, "teachers" and "probationary teachers." Section 80-1264.1 provides:

The term "teacher" as used in this Act [§§ 80-1264 — 80-1264.10] shall be defined as any person, exclusive of the superintendent or assistant superintendent(s), employed in an Arkansas public school district who is

required to hold a teaching certificate from the Arkansas Department of Education as a condition of employment.

The term "probationary teacher" as used in this Act shall be defined as a teacher who has not completed three (3) successive years of employment in the school district in which the teacher is currently employed.

Nowhere in the act is there a specific provision for appeal to circuit court by a probationary teacher whose contract has not been renewed. Appellant contends that the last sentence of the appeals section, § 80-1264.9 (b), should be interpreted to provide a right of appeal to probationary teachers. It states:

. . . The exclusive remedy for any person aggrieved by the decision of the school board shall be appealed [an appeal] therefrom to the circuit court of the county in which the school district is located, within thirty (30) days of the date of written notice of the action of the school board.

We reject the contention that this sentence is applicable to this case for a number of reasons. First, § 80-1264.9 (a) rather than (b) is the section which deals with probationary teachers and § (a) does not provide a right to appeal for nonrenewal by probationary teachers. Second, § (b), which gives the right of appeal in event of nonrenewal, is applicable to the category it mentions in the first sentence, "Any teacher who has been employed continuously by the school district for three years or more. . ." Third, such a strained interpretation would break the symmetry and logic of the act. The act provides that any teacher, probationary or otherwise, is entitled to a hearing before the school board and a subsequent appeal to circuit court when the contract is "terminated" as opposed to "nonrenewed." §§ 80-1264.4, 1264.5 and 1264.9. In the case at bar we are not concerned with termination as this probationary teacher's contract was nonrenewed. The nonrenewal sections of the act provide that all teachers' contracts shall be renewed each year unless the teacher is given proper notice of nonrenewal. § 80-

1264.3. After the notice is given, meaningful statutory differences exist between probationary teachers and other teachers. A teacher who has completed three successive years of employment in the school district is entitled to a statement of reasons for nonrenewal. § 80-1264.3. No similar statutory provision is made for probationary teachers. Since the reasons for nonrenewal need not be given, and since a hearing does not have to be held, there simply is nothing to appeal to circuit court. There is no logical basis for an appeal from nothing.

We interpret the appeal statute, § 80-1264.9 to provide for an appeal by any teacher in case of termination and to provide for an appeal upon renewal by a teacher who has completed three successive years of employment in the school district. We do not interpret it to provide for appeal by a probationary teacher on nonconstitutional grounds.

Recently we have dealt with a number of cases involving the Teacher Fair Dismissal Act, but this is the first time this particular issue has been squarely before us. In the cases of *Maxwell* v. *Southside School District,* 273 Ark. 89, 618 S.W. 2d 148 (1981) and *McElroy* v. *Jasper School District,* 273 Ark. 143, 617 S.W. 2d 356 (1981) we discussed appeals by probationary teachers to the circuit court, but the statutory right to appeal was not put in issue. The case of *Springdale School District* v. *Jameson,* 274 Ark. 78, 621 S.W. 2d 860 (1981) was before us on a writ of prohibition and we held that the circuit court could not be said to be wholly without jurisdiction.

Affirmed.

ADKISSON, C.J., concurs.

RICHARD B. ADKISSON, Justice, concurring. The majority have apparently held that a probationary teacher has a right to appeal to circuit court from a decision of the school board where (1) a constitutional issue is involved, and (2) where a hearing has been held by the Board for termination of such a teacher.

The Teacher's Fair Dismissal Act of 1979 (Act 766) Ark. Stat. Ann. § 80-1264 — 1264.10 (Repl. 1980), does not give a probationary teacher the right to appeal to circuit court under any circumstances. Section 80-1264.9 sets out the procedure to be followed after the Board has granted a hearing. Subsection (a) applies to probationary teachers and subsection (b) applies to nonprobationary teachers:

> (a) Upon conclusion of its hearing with respect to the termination or nonrenewal of a teacher contract of a teacher who has been employed as a full-time teacher by the school district for less than three (3) continuous years, the board shall take action on the recommendations by the superintendent with respect to the termination or nonrenewal of such contract.

> (b) Any certified teacher who has been employed continuously by the school district [for] three (3) or more years may be terminated or the board may refuse to renew the contract of such teacher . . . The exclusive remedy for any person aggrieved by the decision of the school board shall be appealed [an appeal] therefrom to the circuit court of the county in which the school district is located, within thirty (30) days of the date of written notice of the action of the school board.

The provision for appeal to circuit court is found only in subsection (b) which by its introductory sentence applies specifically to nonprobationary teachers. If it had been intended that probationary teachers have an appeal to circuit court, the last sentence in subsection (b) would have been set apart as subsection (c) or be contained wholly in another section.

*Springdale School District* v. *Jameson*, 274 Ark 78, 621 S.W. 2d 860 (1981) involved an appeal to circuit court from a Board decision to not renew the contract of a probationary teacher, but was before this Court on a petition for writ of prohibition testing circuit court jurisdiction; we held that "The subject matter jurisdiction for breach of contract is cognizable in circuit court." *Springdale School Dist.* is limited to the narrow issue decided. We could have but did

not state the obvious, that is, that the remedy for breach of contract is to file an original action in circuit court.

As stated in the majority opinion, *Maxwell* v. *Southside School Dist.*, 273 Ark. 89, 618 S.W. 2d 148 (1981) and *McElroy* v. *Jasper School Dist.*, 273 Ark. 143, 617 S.W. 2d 356 (1981) also involved appeals by probationary teachers to circuit court from a school board decision; however, the statutory right to appeal was not in issue.

The remedy of a probationary teacher for breach of contract is the same as for anyone else — to file a lawsuit. Act 766 of 1979 does not provide an appeal to circuit court by a probationary teacher for any reason or under any circumstances.

DARRELL HICKMAN, Justice, concurring. See concurring opinion in *Chapman* v. *Hamburg Public Schools*, 274 Ark. 391, 398, 625 S.W. 2d 477 (1981).

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Not only do I find no substantial evidence to support the majority opinion but I find the opinion clearly erroneous and decidedly against the preponderance of the evidence. In fact, I am 100% in disagreement with this opinion. Act 766 of 1979 codified in Ark Stat. Ann. §§ 80-1264 — 80-1264.10 (Repl. 1980) very clearly intended to vest all rights of appeal pursuant to the act in the circuit court. The act covers members of the teaching profession employed in public schools. One of the chief goals of the act is to insure that teachers are not terminated or nonrenewed for reasons which are arbitrary, capricious or unsubstantiated. In fact, the title of the act is referred to as "The Teacher Fair Dismissal Act of 1979." It is not titled the "Nonprobationary Teacher Fair Dismissal Act" as the majority seem to interpret it.

The term "teacher" as used in the act includes all employees, except superintendents and assistant superintendents, who are required to hold a certificate as a condition of employment. Obviously, this includes probationary

teachers. The only distinction between the two classes of teachers is the length of employment. During the first three years the teacher is not entitled, as a matter of right, to a hearing or to be given a cause for nonrenewal. However, this does not mean the same teacher may be terminated and/or nonrenewed for invalid reasons. In such case the teacher certainly would have the right of appeal to circuit court.

Section 5 of the act provides that a teacher may be terminated during the term of any contract period for any cause which is not arbitrary, capricious or discriminatory. Section 6 provides for the immediate suspension of a teacher when in the opinion of the superintendent it is necessary and in the best interest of the district. The only section in the whole act dealing with appeals is Section 10 and the appeal is extended to any person aggrieved by a decision of the school board.

I consider Section 10 (Ark. Stat. Ann. § 80-1264.9) of the act to be controlling as to the matter of jurisdiction. Section 10 (a):

> Upon conclusion of its hearing with respect to the termination or nonrenewal of a teacher contract of a teacher who has been employed as a full-time teacher by the school district for less than three (3) continuous years, the board shall take action on the recommendations by the superintendent with respect to the termination or nonrenewal of such contract.

Subsection (b) deals with teachers who have been employed for three or more years and whose contract is terminated or not renewed. In both Sections (a) and (b) the school board is required to take action. The concluding sentence of Subsection (b) states:

> The exclusive remedy for any person aggrieved by the decision of the school board shall be an appeal therefrom to the circuit court of the county in which the school district is located, within thirty (30) days of the date of written notice of the action of the school board.

Surely the General Assembly intended "any person" to mean any teacher under the act.

As a practical matter, allowing the probationary teacher to appeal the nonrenewal of a contract to circuit court would greatly simplify the entire process. It would keep all appeals under the act in the same court; and, in my opinion, it would reduce the judicial case load and litigation costs in the long run. If, for example, a teacher's contract was not renewed for a second year and the teacher filed a notice of appeal to the circuit court, the school board could simply respond by saying "It is true, we did not renew the teacher's contract." The issues would be joined and the whole record would be before the circuit court and the matter could be disposed of in a very short sentence by simply stating: "The court finds that the Board did not act within its discretion and remands the case for a hearing." There is no question that a second year teacher whose contract was not renewed because of race or religion would have a cause of action in the circuit court. Therefore, why should the person who did not receive a renewal of his contract for other reasons not be also allowed to follow the same course of action? I submit that it was clearly the intent of the legislature, as well as the common sense approach, to allow the circuit court to maintain jurisdiction of all cases arising under Act 766 of 1979.