Thomas CHAPMAN *v.* HAMBURG PUBLIC SCHOOLS

81-130                                   625 S.W. 2d 477

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Cearley, Gitchel, Mitchell & Bryant,* by: *Richard W. Roachell,* for appellant.

*Arnold, Hamilton & Streetman,* by: *Herman L. Hamilton, Jr.,* for appellee.

JOHN I. PURTLE, Justice. The appellant was a nonprobationary teacher who was placed on probation pursuant to his contract for the 1979-80 school year. The appellee, Board of Education of the Hamburg Public School District, refused to renew appellant's contract for the 1980-81 school year. The Ashley County Circuit Court affirmed the action of the Board. On appeal appellant urges three points for reversal: (1) that the court erred in finding none of the teacher's federal constitutional rights were involved; (2) that the court erred in not reversing the Board's action because they decided to terminate appellant before affording him a

hearing; and, (3) that the court erred in failing to review the record of the Board's action before making a decision.

In upholding the trial court we find no prejudicial error inasmuch as the Board complied with the provisions of Act 766 of 1979 and substantially complied with the provisions of its own policies adopted pursuant to Act 400 of 1975.

The facts in this case reveal that Thomas Chapman, appellant, had been employed by the appellee, Hamburg Public Schools, for eleven years prior to the nonrenewal of his contract in March 1980. The contract which he was given for the 1979-80 school year had a probation provision in it which stated:

> . . . band performances and ratings must show marked improvement over past years or this will serve as grounds for non-renewal of contract.

As early as 1974 the school board had considered not renewing appellant's contract. In fact, on March 19, 1974, the Board voted not to renew appellant's contract for the year 1974-75. The appellant was notified by letter dated March 21, 1974. However, the Board scheduled a hearing which was held on April 9, 1974. At this hearing the Board reconsidered its prior decision and renewed the contract for 1974-75 on a probationary basis. At a special Board meeting on March 19, 1975, the Board voted to renew appellant's contract for the year 1975-76 on the same probationary basis as the contract for 1974-75. The reasons given for this probation were conflicts with students and band parents and disciplinary procedures used. On March 16, 1976, the appellant was reprimanded for leaving students in the band hall unsupervised. At the Board meeting of March 20, 1979, the Board extended appellant's contract from nine to ten months, without additional pay, and tacked on the provision earlier quoted about marked improvement being required. This 1979-80 contract was signed on May 7, 1979, by the appellant with the probation and restrictions contained on the face of the contract. Appellant's record also revealed an official reprimand from the superintendent for failure to attend a faculty workshop on March 15, 1979, which included a

statement that he had a right to appear before the Board to challenge the reprimand and contract extension. The superintendent held a conference with the appellant at the beginning of the 1979-80 school year and made recommendations concerning discipline and band practice sessions. This conference was acknowledged by the appellant by his signature on the superintendent's notes. The record also contained other comments about the band not doing a good job and the band hall not being in proper order. On March 18, 1980, the Board voted not to renew the appellant's contract. This decision was apparently made in a routine manner much the same as the renewal or nonrenewal for all other teachers in the district were made. There does not appear to have been any hearing or discussion concerning the renewal of appellant's contract on this date. The appellant received a letter following this meeting which stated that the Board's decision not to renew his teaching contract was based upon a determination by the Board that he had failed to show the degree of marked improvement in the performance of his duties as had been expressed in the conditions of his probationary contract for the year to end on June 30, 1980. The letter also notified appellant that he could request a hearing before the Board. A hearing was requested and held on the nonrenewal of appellant's contract at which time a considerable amount of evidence was presented both for and against the appellant. There was substantial evidence for either decision the Board wished to make.

The appellant's first argument is that he had a right to procedural and substantive due process of law because he had a protected property interest in the expected renewal of his contract. Appellant admits that Act 74 of 1970, the predecessor to Act 766 of 1979, did not give rise to the expectation of continued employment which would create a property right. However, he insists that the new act does rise to this level. The pertinent part of Act 766 is codified as Ark. Stat. Ann. § 80-1264.9 (b) (Repl. 1980):

> Any certified teacher who has been employed continuously by the school district [for] three (3) or more years may be terminated or the board may refuse to renew the

contract of such teacher for any cause which is not arbitrary, capricious, or discriminatory, or for violating the reasonable rules and regulations promulgated by the school board. . . .

Additionally, the appellant insists that the Board voluntarily gave the appellant property rights when it adopted its policy No. III.C.4 as follows:

When the Board receives evidence which it considers sufficient to terminate a teacher either by dismissal or non-renewal of contract, it shall send to the teacher by certified mail with return receipt a notice of his proposed termination. The teacher may request that a statement of reasons be mailed to him; this request shall be in writing to the superintendent of schools. A statement of reasons will be mailed, after written request, in the same manner as the notice of proposed termination. The teacher will be advised in this second letter that upon request in writing to the president of the Board, with a copy to the superintendent within thirty (30) days of receipt of the Board notice, he will be accorded a hearing before official action is taken by the Board.

It is undisputed that at the Board meeting at which nonrenewal was voted, the appellee did not provide prior notice to appellant nor was evidence received other than the recommendation of the superintendent. Such procedure is obviously contemplated by the Board's policy as set out above. However, instead of sending the notice of "proposed termination" the Board sent a notice of "nonrenewal." The notice sent to the appellant followed the Board's policy in all other respects including giving him notice that he was entitled to a hearing before the Board. There is no question but that the same rights of production of evidence and opportunity of examination and cross-examination were afforded appellant as were intended by both the Board policy and state law. If we were to uphold appellant's contention, it would mean a duplication of the hearing process with its attendant requisites. It seems that there could be no complaint by the appellant in the present case (at least as to

procedure) if the initial letter had stated that the Board proposed not to renew his contract rather than stating that they had voted not to renew it.

It is not disputed by appellant that the matter of renewal or nonrenewal of the appellant's contract was within the discretion of the Board. This was subject, of course, to certain restrictions which are not involved in this case. In finding that the Board followed the terms of its policy with the exception of the unfortunate wording "voted not to renew" instead of "proposed not to renew," we decide that the Board has substantially complied with its own policies. There was no argument that they did not follow the state statute as to procedure.

We have discussed appellant's second point urged for reversal to some extent in our discussion on the first point. However, it should be mentioned again. We are not backing away from our decision in *Maxwell* v. *Southside School District*, 273 Ark. 89, 618 S.W. 2d 148 (1981). In *Maxwell* we determined that there was not substantial compliance with the Board's own policy as it related to the renewal of a contract for either probationary or nonprobationary teachers. There was no question raised as to the circuit court's jurisdiction in the case. One readily distinguishable feature between *Maxwell* and the present case is that there was obviously a hearing in the *Maxwell* case before the teacher was given an opportunity to appear. In the present case there was no hearing as such until after the teacher had been notified. We are able to determine from the record before us everything that was considered by the Board. In *Maxwell* we were unable to determine from the record all of the matters considered by the Board prior to voting not to renew Maxwell's contract.

The present case is factually similar to *McElroy* v. *Jasper School District*, 273 Ark. 143, 617 S.W. 2d 356 (1981). McElroy was a probationary teacher. The Board voted not to renew her contract but gave her an opportunity to come before the Board and present any material she desired and to have representation of her own choosing. In all of these cases the school board furnished a court reporter and a transcript

of the proceedings without cost to the teacher. After the hearing in *McElroy* the Board again voted to not renew her contract. Basically, the chief difference between *McElroy* and the present case is that the appellant here was a nonprobationary teacher even though he was on contractual probation for other reasons. He was nonprobationary in the sense that he had been employed for more than three consecutive years by the district. It is our opinion that the appellee actually intended its letter of March 18, 1980, to be a notice of intent to not renew the contract. Viewing this instrument in this light there was little question that the Board followed all other procedures completely. A full-blown hearing was held prior to the time the appellant was officially notified that his contract would not be renewed.

Finally, the appellant argues that the court erred in failing to review the record prior to making its decision. We agree with the appellant that Act 766 gives a nonprobationary teacher the right to go into circuit court on appeal upon allegation that his contract was nonrenewed for prohibited reasons. Such appeal would clearly be reviewable by the circuit court. However, the record in the present case contained three pages of findings of facts and conclusions of law. The judgment clearly indicates the trial court reviewed the record of the Board's hearing. In the judgment, the court stated it had jurisdiction of the parties and the subject matter. Therefore, there is no dispute but that this matter was reviewable on appeal through the circuit court. Neither can it be disputed that the matter was in fact considered by the court.

Since this determination not to renew the appellant's contract was a matter within the discretion of the school board, the reviewing court could not substitute its opinion for that of the Board in the absence of an abuse of discretion by the Board. *Safferstone* v. *Tucker,* 235 Ark. 70, 357 S.W. 2d 3 (1962). In reviewing this case we do so pursuant to the clearly erroneous standard. In other words, if the trial court was not clearly erroneous, then we will affirm. *Tedder* v. *Blackmon's Auctions, Inc.,* 274 Ark. 241, 623 S.W. 2d 516 (1981).

Affirmed.

Hickman, J., concurs.

Adkisson, C.J., and Hays, J., dissent.

Darrell Hickman, Justice, concurring. I fully concur with the result reached in this case because I am convinced that the school board had not formally decided not to renew the contract of Thomas Chapman. While it is true that the written policies of the school board appear to be contrary to Arkansas law, I am convinced that this technical infraction should not control the outcome of the litigation; the school board intended to notify Chapman he would not be rehired, but reserved to Chapman the right to a formal hearing.

There is no doubt that the school boards and the teachers will continue to adjust to the Teachers Fair Dismissal Act. Ark. Stat. Ann. § 80-1264 et seq. (Repl. 1980). All school boards should make certain that their policies are in compliance with the new law and that their policies are consistent with the new law.

In a series of cases we have tried to interpret the Teachers Fair Dismissal Act and it may be that some of our decisions appear to be inconsistent. For that reason I file this concurring opinion.

We decide our cases on the basis of the case and controversy theory. That is, we make our decisions based on the facts and issues that are presented to us on appeal and no other. That is what we are supposed to do. Using that method we have dealt with this Act in seven cases. We have decided that a probationary teacher, that is, one who has not completed three successive years of employment, is not entitled to a hearing before the school board if that teacher's contract is not renewed. That principle was set forth in *McElroy* v. *Jasper School District,* 273 Ark. 143, 617 S.W. 2d 356 (1981), and confirmed in our decisions of this date in the cases of *Nordin* v. *Hartman Public Schools* and *Allred* v. *Little Rock School District.* In *McElroy* there was no question raised on appeal of whether the teacher had a right

to a hearing or whether the right existed to appeal from a decision by the school board to not renew a contract. The school board on its *own* decided to give the teacher a hearing. The decision was appealed to the circuit court and appealed to us without regard to any question of the right to a hearing or to an appeal. The question was directly raised in the *Allred* case and we have confirmed that the Teachers Fair Dismissal Act does not give a probationary teacher a right to a hearing or a right to appeal from a school board decision. These two decisions might appear to be inconsistent with our decision in *Springdale School District* v. *Jameson,* 274 Ark. 78, 621 S.W. 2d 860 (1981) which was before us on a petition for a writ of prohibition. Numerous issues were raised in the *Jameson* case and because of the unusual and extraordinary nature of a writ of prohibition, we declined in that case to issue one. In my judgment *Jameson* did not mean and should not be interpreted to mean that there is a *right* to appeal to circuit court.

In the case of *Maxwell* v. *Southside School District,* 273 Ark. 89, 618 S.W. 2d 148 (1981), we found that the school board had not substantially complied with its own policies; it had in fact heard evidence before it decided to give Maxwell a hearing, then decided to give Maxwell a hearing at which it confirmed its original decision. We said that this was a violation of its own policies. Whether Maxwell was entitled to a hearing in the first place under the Teachers Fair Dismissal Act was not a question raised below. Nor was the question raised of whether Maxwell had a right to appeal from the decision. Since neither of those questions was raised on appeal we did not consider them in our decision.

In five cases we have held that the school board must substantially comply with either its procedures or the Teachers Fair Dismissal Act. That principle was announced in *Maxwell* v. *Southside School District, supra; McElroy* v. *Jasper School District, supra; Allred* v. *Little Rock School District, supra; Fullerton* v. *Southside School District,* 272 Ark. 288, 613 S.W. 2d 827 (1981); and now in this case.

In dictum in the *McElroy* case we indicated that a probationary teacher did have a right to a hearing if that

teacher was terminated during the term. In *Allred* v. *Little Rock School District, supra,* and *Nordin* v. *Hartman Public Schools, supra,* the majority confirms the dictum in *McElroy.* My concurrence with all the decisions in this matter has been on the basis of my understanding of our holdings as I have stated them in this opinion. There are several issues we have not decided. I will reserve judgment on those until they are presented on appeal.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority have held that the Hamburg School Board, hereinafter Board, has substantially complied with its own rules adopted pursuant to Act 400 of 1975, and has complied with the Teacher's Fair Dismissal Act of 1979 (Act 766). I disagree. The purpose and intent of the Board rules are contrary to the purpose and intent of state law, Act 766 of 1979; the Board has complied with its own rules, but not with Act 766.

On March 18, 1980, the Hamburg School Board gave appellant, a nonprobationary teacher, notice of its decision not to renew his contract for the following year. This was done in accordance with its adopted policy No. III.C.4:

> *When the Board receives evidence which it considers sufficient to terminate a teacher either by dismissal or non-renewal of contract, it shall send to the teacher by certified mail with return receipt a notice of his proposed termination.* The teacher may request that a statement of reasons be mailed to him; this request shall be in writing to the superintendent of schools. A statement of reasons will be mailed, after written request, in the same manner as the notice of proposed termination. The teacher will be advised in this second letter that upon request in writing to the president of the Board, with a copy to the superintendent within thirty (30) days of receipt of the Board notice, he will be accorded a hearing before official action is taken by the Board. (Emphasis added)

The Board's policy contemplates a preliminary decision not to renew a teacher's contract prior to giving him notice of his proposed termination. This provision is in accordance with

prior law, Act 319 of 1941, which provided that the school board give the notice of nonrenewal. Ark. Stat. Ann. § 80-1304 (b) (Repl. 1980). This part of Act 319 has been changed by Act 766 of 1979 which contemplates that school boards not make a decision, preliminary or otherwise, not to renew before giving the teacher notice and a hearing.

The Teacher's Fair Dismissal Act of 1979 (Act 766), Ark. Stat. Ann. §§ 80-1264 — 1264.10 (Repl. 1980) provides in § 1264.3 that "the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed." And § 1264.8 provides that a nonprobationary teacher who "receives a notice of recommended nonrenewal may file a written request with the school board of the district for a hearing," and further provides for making a record of the hearing. Section 1264.9 (b) provides that upon completion of such hearing, the Board is to make its decision within ten days from the date of the hearing and allows a nonprobationary teacher an appeal to circuit court. This Act clearly anticipates that the nonprobationary teacher will be given notice of the superintendent's recommendation and an opportunity to be heard before the school board makes a decision on nonrenewal of the teacher's contract.

The appellee has simply failed to update its procedural rules to conform with state law. The Board followed its written rules but ignored Act 766 of 1979 and "voted not to renew" the teacher's contract prior to notifying him of its proposed actions. There could be no clearer violation of a teacher's right to procedural due process.

Act 766 was no doubt enacted, at least partially, to avoid just such a situation as we have here. The superintendent of schools was purposefully placed between the teacher and the Board so that the Board would not be required to make a determination before having heard the teacher. This is not to say, however, that the school board cannot act without the recommendation of the superintendent. In *Fullerton* v. *Southside School Dist.*, 272 Ark. 288, 613 S.W. 2d 827 (1981) we held a school board could give the necessary notice of proposed nonrenewal where the superintendent was un-

willing to do so. The school board has the ultimate responsibility for the operation of the school district.

I am hereby authorized to state that HAYS, J., joins me in this dissent.