Joe Dale HEAD *v.* CADDO HILLS SCHOOL DISTRICT

82-165                                    644 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered December 6, 1982

*Cearley, Mitchell & Roachell,* for appellant.

*G. Ross Smith, P.A.,* for appellee.

DARRELL HICKMAN, Justice. This is a case involving the Fair Dismissal of Teachers Act of 1979. Ark. Stat. Ann. §§ 80-1264 through 80-1264.10 (Repl. 1980). We find the appellant, Joe Dale Head, had no right to appeal from a decision of the school board and, therefore, the judgment is affirmed.

Joe Dale Head was a probationary teacher in the Caddo Hills School District, serving his first year during the school year of 1979-1980. Near the end of the term, after he had signed a contract for the next year but before it was accepted, a controversy arose involving him and his students. The superintendent informed Head he would in all likelihood be

up before the board for a nonrenewal or termination of his contract. The superintendent conducted an investigation and by letter dated July 23, 1980, Head was notified that the school board recommended that his contract for the next year be terminated or not renewed. The letter gave five reasons. Head requested a hearing and on August 14, 1980, a hearing was held before the board. Head had counsel, a record was kept, and there is no question he was provided the formal requirements of due process. After the hearing, a motion was made to terminate Head's contract for the school year 1980-1981, and it was approved with five votes. One member abstained.

Head appealed to the circuit court raising two reasons for reversal: That the school board's action was a termination and that the school board did not comply with its own policies. The court considered the transcript of the hearing and other evidence and concluded that Head was not in fact terminated but simply that his contract had not been renewed, and since it involved a nonrenewal, as opposed to a termination, no hearing was required and no reasons had to be given for the renewal of a probationary teacher. The court was wrong because without doubt this was a case of termination and not the nonrenewal of a contract. The contract was delivered to Head in early spring of 1980. He signed it and returned it to the school. The Act provides that in the case of nonrenewal the teacher must be notified of that fact in writing during the term of the contract or within ten days after the end of the school year. By stipulation the parties agreed the school term ended May 23, 1980, and the school district's policy clearly provided Head had to be notified his contract would not be renewed no later than ten days after the school term expired, which would be June 2nd. But the fact that Head was terminated is not relevant to our ultimate decision — which turns on the question of jurisdiction. His termination entitled Head to a hearing before the school board and the Board gave him one. Ark. Stat. Ann. § 80-1264 (Repl. 1980).

We have had seven cases before us involving the Fair Dismissal of Teachers Act. *Chapman* v. *Hamburg Public Schools*, 274 Ark. 391, 625 S.W.2d 477 (1981); *Nordin* v.

*Hartman Public Schools,* 274 Ark. 402, 625 S.W.2d 483 (1981); *Allred* v. *Little Rock School District,* 274 Ark. 414, 625 S.W.2d 487 (1981); *Springdale School District* v. *Jameson,* 274 Ark. 78, 621 S.W.2d 860 (1981); *Maxwell* v. *Southside School District,* 273 Ark. 89, 618 S.W.2d 148 (1981); *McElroy* v. *Jasper School District,* 273 Ark. 143, 617 S.W.2d 356 (1981); *Fullerton* v. *Southside School District,* 272 Ark. 288, 613 S.W.2d 827 (1981). Nearly all of them have presented us with different questions, and required a decision interpreting this new Act. By this time certain questions have undoubtedly been answered. First, a probationary teacher, one that has been at a school for less than three consecutive years, is granted far less in the way of rights and legal protection than a teacher not on probation, that is, one with more than three consecutive years service. *McElroy* v. *Jasper School District, supra.* Before this Act was passed a school district could renew or decline to renew a teacher's contract on an annual basis regardless of years of service, without any accountability for that decision. *Cato* v. *Collins,* 394 F. Supp. 629 (E.D. Ark. 1975) aff'd 539 F.2d 656 (8th Cir. 1976). That right of the school district still exists as to probationary techers, and no reason at all has to be given for a nonrenewal. *Maxwell* v. *Southside School District, supra.* The Act provides that a nonprobationary teacher, "aggrieved by a decision of the school board", has a right to appeal to the circuit court and then to this court. Ark. Stat. Ann. § 80-1264.9 (Repl. 1980).

But we have not decided a probationary teacher has a statutory right to appeal from a decision of the school board. In fact, we held that the statutory language quoted did not apply to a probationary teacher. *Nordin* v. *Hartman Public Schools, supra.* Therefore, such a teacher has no statutory right to appeal from a decision to the circuit court.

While the dictum in the *Nordin* case said that a probationary teacher had a right of appeal from a school board decision involving termination if "constitutional issues" were involved, the Act makes no such provision. The dictum in *Nordin* was no doubt in reference to the fact that no law can terminate any teacher because of discrimination. *See Perry* v. *Sindermann,* 408 U.S. 593 (1972) and *Cochran* v.

*Chidester School District,* 456 F.Supp. 390 (W.D. Ark. 1978). But due process of law does not require that a teacher be granted a right to appeal to the circuit court. Due process does not require judicial review. *Lott* v. *Pittman,* 243 U.S. 588 (1916); *Standard Oil Co.* v. *Missouri,* 224 U.S. 270 (1912); *Reetz* v. *Michigan,* 188 U.S. 505 (1905). Due process only requires a proper hearing which the Act provides for.

Neither party addressed the question of jurisdiction of the circuit court below. This case arose in 1980 before our decisions in the cases of *Nordin* v. *Hartman Public Schools, supra* and *Chapman* v. *Hamburg Public Schools, supra.* But the question of whether Head had a right to appeal to circuit court is a jurisdictional question which we can address at any time. *State* v. *Glenn,* 267 Ark. 501, 592 S.W.2d 116 (1980); *First Pyramid Life Ins. Co. of America* v. *Reed,* 247 Ark. 1003, 449 S.W.2d 178 (1970); *Smyrna Baptist Church* v. *Burbridge,* 205 Ark. 108, 167 S.W.2d 501 (1943).

A probationary teacher's remedy for an illegal termination is a suit for breach of contract. A nonprobationary teacher, "aggrieved" by the action of the board, has an exclusive remedy of appeal to the circuit court. Ark. Stat. Ann. § 80-1264.9 (b).

It might be more convenient for the teachers to have the circuit court review these matters, but that is not a judgment we can make. Only the General Assembly has that power.

Since there was no right to appeal to the circuit court, the circuit court should have dismissed the appeal.

Affirmed.

PURTLE, DUDLEY and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. I agree with the majority that this appeal involves the termination, rather than the non-renewal, of a probationary teacher. But the majority opinion goes on to hold that a probationary teacher has no right to appeal a termination to circuit court

under The Teacher Fair Dismissal Act, Act 766 of 1979, and there I disagree.

In *Nordin* v. *Hartman Public Schools,* 274 Ark. 402, 605 S.W.2d 483 (1981) we said that *any teacher* who is terminated is entitled to appeal to circuit court:

> [The Teacher Fair Dismissal Act] provides that *any teacher, probationary or otherwise,* is entitled to a hearing before the school board and a subsequent appeal to the circuit court when the contract is 'terminated' as opposed to 'non-renewed'. §§ 80-1264.4, 1264.5 and 1264.9. (my italics)

The majority dismisses our language in *Nordin* as merely dictum, intended to apply only where constitutional issues are present. But our statement of the law in *Nordin* was unconditional and the statutes we cited support what we said there.

Our difficulty stems from the fact that The Teacher Fair Dismissal Act lacks clarity and the legislative intent is obscure as to the rights of a probationary teacher to appeal a termination. But the better side of the argument favors upholding the right of appeal, because remedial legislation is to be broadly construed, *Skelton* v. *B. C. Land Company, Inc.,* 260 Ark. 122, 539 S.W.2d 411 (1976) and because we are required to construe statutes in accordance with the common meaning of the words used. *Phillips Petroleum Co.* v. *Heath,* 254 Ark. 847, 497 S.W.2d 30 (1973).

The final sentence of Section 80-1264.9 (b) reads:

> The exclusive remedy for *any person* aggrieved by the decision of the school board shall be an appeal therefrom to the circuit court of the county in which the school district is located, within thirty (30) days of the date of written notice of the action of the school board. (my italics.)

The majority correctly points out that this sentence is part of sub-paragraph (b), which deals entirely with non-

probationary teachers, and on that reasoning concludes that only non-probationary teachers are given an appeal. To reach that interpretation one must alter the plain language of the Act by substituting the words "a non-probationary teacher" for "any person . . . " simply because of the placement of the sentence. But the drafters were generally careful to distinguish between probationary and non-probationary teachers except where they meant both, and I am unwilling to interpret "any person" as meaning only a non-probationary teacher. The plain meaning of the words *"any person"* in the context of this legislation means both probationary and non-probationary teachers.

Moreover, Section 80-1264.4 provides that *no teacher* can be terminated on grounds that are arbitrary, capricious or discriminatory. But if the holding in this case is correct, and a probationary teacher is entitled to nothing more than a hearing before the board which has already acted to terminate that teacher, then The Teacher Fair Dismissal Act leaves the board itself as the *only* body to decide whether its own act of termination was arbitrary, capricious or discriminatory. Thus, the only review is before the same body that may have acted in the matter in the first instance. That construction is not compatible with traditional concepts of "fairness" which the Act purports to give all teachers, nor with our law that remedial statutes are to be broadly construed with appropriate regard to the spirit which prompted the enactment.

PURTLE and DUDLEY, JJ., join in this dissenting opinion.