Mary B. **SIGMON,** Appellee,

v.

William E. **POE,** Individually et al., Appellants.

No. 76–1884.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 15, 1977.

Decided Oct. 17, 1977.

Harry C. Hewson, Charlotte, N. C. (Jones, Hewson & Woolard, Charlotte, N. C., on brief), for appellants.

William K. Diehl, Jr., Charlotte, N. C. (James, Williams, McElroy & Diehl, Charlotte, N. C., on brief), for appellee.

Before CRAVEN,* and WIDENER, Circuit Judges, and WILLIAMS,** District Judge.

PER CURIAM:

This is the second time this teacher non-renewal case is before this court on appeal. The plaintiff below, Mrs. Mary Sigmon, taught in the Plaza Road Elementary School in the Charlotte-Mecklenburg School System in North Carolina for four years before the start of this suit. At the end of the 1973–74 school year, Melvin Jaynes, principal at Plaza Road School, recommended to the Charlotte-Mecklenburg Board of Education (the Board) that Mrs. Sigmon's contract not be renewed. The Board so voted. Renewal for the fifth year would have established Mrs. Sigmon as a career teacher under North Carolina law.

Plaintiff brought this suit under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1981, 1983, and 1985, alleging that the Board, its superintendent, and assistant superintendent, its attorney, and the principal of the Plaza Road School unconstitutionally denied her a proper due process pre-termination hearing. She sought preliminary

---

* Judge Craven participated in the decision of this case but died before the opinion was prepared.

** United States District Court for the Western District of Virginia, sitting by designation.

and permanent injunctions, declaratory judgment and damages.

The district court granted a preliminary injunction ordering reinstatement of Mrs. Sigmon until the Board held a hearing to determine whether refusal to renew her contract was "arbitrary, capricious, discriminatory, or for personal or political reasons." 381 F.Supp. 387, at 393, quoting from the North Carolina statute. It found that Mrs. Sigmon had a property right under North Carolina statutes, under the practice of the Board, and under the directive of the superintendent to the principals, to know of the principal's adverse report in October 1973, which was kept from her until late the following spring. The court also found N.C.Gen.Stat. § 115–142(m) established a property right in North Carolina probationary teachers "not to have his re-employment denied for 'arbitrary, capricious, discriminatory or for personal or political reasons.'" 381 F.Supp. at 392.

Over plaintiff's objection, the court determined that the Board was not, on account of bias, an incompetent tribunal for the hearing as a matter of law. At the hearing, the Board affirmed its prior decision not to renew plaintiff's contract. By motion to the court, plaintiff renewed her objection to the tribunal contending that the Board's conduct at the hearing indicated that it was not impartial because it was adversely influenced by her pending lawsuit against it and by its motivation to support its principal. The court found that although "it would have been better to have had the hearing before some other tribunal," because "sharp tempers, impatience and scars from old animosities were revealed in a number of pointed exchanges," the evidence, nevertheless, did "include a basis upon which the Board could properly find that her discharge was not 'arbitrary, capricious, discriminatory or for personal or political reasons.'" 391 F.Supp. 430, 432, 433.

Plaintiff appealed and this court affirmed the denial of preliminary injunctive relief. 528 F.2d 311 (1973).

Plaintiff then moved to amend her complaint alleging that the hearing was not the "full and fair due process hearing which the district court ordered" because there was no "competent, unimpeached evidence . . to support the finding that the plaintiff is an incompetent teacher, or that she has problems imposing discipline, or that she inadequately prepares for her teaching activities," and because "individual defendant Board members displayed . . . through their conduct and remarks a refusal or inability to consider impartially the evidence presented . . . ., exhibited hostility and bias against plaintiff, and either excluded or refused to consider competent evidence tending to show that plaintiff is a competent teacher."

At the same time, defendants filed a motion for summary judgment, arguing, inter alia, that the federal court has no pendant jurisdiction to try the state claims since the court of appeals disposed of all constitutional questions by implying that no due process hearing was constitutionally required.

In an order dated May 10, 1976, the district court allowed plaintiff to amend her complaint and denied defendants' motions to dismiss and for summary judgment. It held that "Plaintiff's complaint states a pendant claim as to whether or not the action of the defendants was arbitrary, capricious, discriminatory, or for personal or political reasons" and that she is "entitled to a jury trial for damages including lost wages from and after March 1, 1975."

Defendants now appeal the denial of summary judgment which the district court certified under 28 U.S.C. § 1292(b) as one "involv[ing] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." We remand the case to the district court with directions to dismiss the pendant claim, but without prejudice.

While N.C.Gen.Stat. § 115–142(m)(2) is phrased in part in language sometimes used in connection with due process or equal protection rights:

"The Board, upon recommendation of the superintendent, may refuse to renew the

**1096**

contract of any probationary teacher or to reemploy any teacher who is not under contract for any cause it deems sufficient; provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons,"

the two should not be confused. Procedural due process under the Constitution must be accorded when the State interferes with State-created property rights, *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), or with a liberty interest, compare *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971), with *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1971).

The district court found a property right in plaintiff's right to know of the principal's adverse report. Although plaintiff may have such a right under North Carolina law, nothing in the statute obligates the Board to rehire or to advance a probationary teacher to career status when reports have not been disclosed. The court also found that § 115–142(m)(2) creates a property right in a probationary teacher not to have his reemployment denied for "arbitrary, capricious, discriminatory, or for personal or political reasons." But the statute as construed by the North Carolina courts does not reach this result. In *Taylor v. Crisp*, 286 N.C. 488, 212 S.E.2d 381, 386 (1975), the court said:

"It seems incongruous indeed that a probationary teacher whose contract the county board of education had refused to renew for a fourth year should have a right to reemployment either with or without the recommendation of the superintendent. Yet if taken literally Sections (c) and (m)(2) would require the Board to reemploy the teacher whose contract it has refused to renew."

It then held § 115–142(m)(2) to be advisory. We are, therefore, of opinion that, while the statute may create a right of action in the State courts, it does not establish a property interest under the Fourteenth Amendment. Every disagreement between a public employee with his employer over matters of State law or the terms of his contract does not reach constitutional proportions. *Berry*

*v. City of Portsmouth*, 562 F.2d 307 (4th Cir. 1977); *Heath v. City of Fairfax*, 542 F.2d 1236 (4th Cir. 1976); see *McCorkle v. First Pennsylvania Banking and Trust Co.*, 459 F.2d 243 (4th Cir. 1972); *Doby v. Brown*, 232 F.2d 504 (4th Cir. 1956).

Plaintiff also argues that her right to a hearing is based upon infringement of a liberty interest. But "it would stretch the concept too far 'to suggest that a person is deprived of "liberty" when he simply is not retained in one position but remains as free as before to seek another.'" *Bishop*, 426 U.S. at 348, 96 S.Ct. at 2079 citing *Roth*, 408 U.S. at 575, 92 S.Ct. 2701. See also *Roth*, n. 13 at 574, 92 S.Ct. 2701. In refusing to renew her contract, the Board did not charge Mrs. Sigmon with dishonesty or immorality, or the like, nor bar her from other public employment in State school systems. See *Roth*, at 573, 92 S.Ct. 2701. But even if we assume here the elements necessary to a claim of stigmatization, see *Roth*, *Bishop*, and *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), Mrs. Sigmon has had an opportunity to clear her name at a Board hearing which the district court found was not "constitutionally defective by due process standards." We think this finding is not clearly erroneous.

We especially note that what we say here relates only to Mrs. Sigmon's claim that she was denied her rights under the Constitution. She asks us also to require a trial on the merits of the case under State law. This we decline to do. We express no opinion as to whether or not under N.C.Gen. Stat. § 115–142(m)(2) the Board's decision not to renew Mrs. Sigmon's contract was arbitrary or capricious. Nor do we decide whether the Board complied with North Carolina procedures for dismissing probationary teachers. We are of opinion that the merits of the case involve State law issues only. Because the constitutional claims are without merit, and they should be dismissed before a trial on the merits, we see no basis for pendant jurisdiction to try the State law question in the federal courts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965).

■ The defendants, in similar vein, ask us to review the case and direct dismissal. The claim here is that the same factual conclusions necessary to prove the State cause of action have been found adversely to plaintiff in the federal proceeding. Therefore, the argument goes, we should dispose of the case now by applying a kind of advance estoppel by judgment for want of a better description. We decline the defendants' request as we did the plaintiff's. We do not think it is within our province to decide in advance that State procedural question.

We therefore vacate the judgment of the district court and remand to the district court to dismiss the federal claims with prejudice and to dismiss the State claims without prejudice so that, if she wishes, Mrs. Sigmon may take them before an appropriate State forum.

*VACATED AND REMANDED WITH INSTRUCTIONS.*