Bertha BURDEN *v.* Reuben HAYDEN, Superintendent of Lavaca School District et al

81-171                                      627 S.W. 2d 555

Supreme Court of Arkansas
Opinion delivered February 8, 1982

*Cearley, Gitchell, Mitchell & Bryant, P.A.,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Ben Core,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant, a school teacher, had been employed annually by the Lavaca School District for four years before the school board voted not to renew her contract at the end of the 1977-1978 school year. After a public hearing held at Mrs. Burden's request the board voted to allow its non-renewal decision to stand. At that time the statutes did not provide, as they do now, for an appeal to the circuit court. Ark. Stat. Ann. § 80-1264.9 (b) (Repl. 1980). Hence in December 1978 Mrs. Burden filed this suit against the district, its superintendent, and its board members, seeking a declaratory judgment holding that the non-renewal of her contract was unlawful. She also asks for reinstatement, back pay, and damages. This appeal is from a judgment sustaining a demurrer to the complaint and dismissing the action. Our jurisdiction is based on Rule 29 (1) (c).

At the outset we point out that this case is not controlled by *Fullerton* v. *Southside Sch. Dist.,* 272 Ark. 288, 613 S.W. 2d 827 (1981); *Maxwell* v. *Southside Sch. Dist.,* 273 Ark. 89, 618 S.W. 2d 148 (1981); and more recent cases. Under the statutes and district policies considered in those cases a non-probationary teacher was entitled to a statement of the reasons for a proposed non-renewal and to a hearing *before* the board reached its decision not to renew. §§ 80-1264.3 and -1264.8. Those statutes and policies, however, had not yet been adopted when Mrs. Burden's contract expired. Unfortunately the disposition of her case has been seriously delayed, mainly because the circuit judge took it under

advisement and did not announce his decision until some 21 months after the last brief had been filed.

Mrs. Burden's complaint is detailed. It asserts that the district "totally failed" to comply with its policies, but her complaint itself, with its exhibits, contradicts that sweeping allegation. On April 11 the superintendent notified Mrs. Burden that non-renewal of her contract was warranted. She had five days in which to request a hearing by the superintendent, but she took no action until the sixth day, on which the board decided not to renew. On that same day Mrs. Burden made a written request for the reasons for non-renewal and for the names of witnesses against her and the nature of their testimony. Five reasons were given to her, but no witnesses' names were supplied. When she then requested a hearing before the board, the superintendent set a date for the hearing and explained, we think correctly, in his letter that the hearing was an opportunity for her to present her reasons for renewal, "not a trial or cross-examination of the board." After the requested public hearing the board notified Mrs. Burden that its members had unanimously voted to allow the non-renewal decision to stand. This suit was filed some six months later.

The statute then in force (Act 74 of 1970, §§ 3 and 4), as well as the district's policies, contemplated that a teacher's right to request the reasons for non-renewal and to ask for a hearing by the board did not arise until *after* the board's decision not to renew. Here there was substantial compliance with those requirements, which is all that is necessary. *Fullerton, supra.* Since the hearing was not to be held until after the board had already decided not to renew, the purpose of the hearing was necessarily to permit, and only to permit, the teacher to present her reasons for renewal before the board's decision became final. That opportunity was provided to Mrs. Burden. Indeed, the district's only real failure to track the statute and its policies lay in the fact that Mrs. Burden was apparently not afforded three conferences in which to assert her views to an administrative official of the district after it had first become apparent that her teaching was not satisfactory. Her complaint, however, does not

specifically mention that omission, much less narrate facts giving it substantive importance.

Finally, the complaint asserts that under federal law, 42 U.S.C. § 1983, Mrs. Burden has a cause of action for a denial of her rights under the due process clause of the Constitution. As we read the cases, however, a teacher who has only a one-year contract without tenure or a vested right to renewal cannot ordinarily assert a taking of liberty or property if the contract is not renewed. *Board of Regents of State Colleges* v. *Roth,* 408 U.S. 564 (1982); *Perry* v. *Sindermann,* 408 U.S. 593 (1972); *Marion County Rural Sch. Dist. No. 1* v. *Rastle,* 265 Ark. 33, 576 S.W. 2d 502 (1979). The court did, in *Roth,* mention the possibility that a failure to rehire a teacher might interfere with his liberty if it damaged his standing in the community or imposed a stigma or other disability foreclosing his freedom to obtain other employment. Here, however, the board's reasons for not renewing Mrs. Burden's contract were not of that type and were not publicized. The board offered her a private hearing, but by demanding a public hearing she herself created the possibility that her asserted deficiencies might become a matter of record. In that situation there was no deprivation of her liberty. *Cato* v. *Collins,* 539 F. 2d 656 (8th Cir. 1976).

Affirmed.