Sammie **SUTTON**

v.

**MARIANNA SCHOOL DISTRICT A.**

**No. LR–C–81–729.**

United States District Court, E.D. Arkansas, W.D.

Aug. 30, 1983.

Charles D. Harrison, Cearley, Mitchell & Roachell, Little Rock, Ark., for plaintiff.

Jimason J. Daggett, Daggett, Daggett & Van Dover, Marianna, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court is defendant's motion for judgment on the pleadings. For the reasons stated below, the motion will be granted and the case dismissed for lack of Federal jurisdiction.

Plaintiff was a certified teacher employed by the defendant for six years prior to the non-renewal of her contract in May of 1981. During the 1980–81 school year she served as Title I Coordinator, but in the spring of 1981 that position and two others were consolidated into a new position, Director of Federal Programs. Plaintiff applied for the new position but it was given to another teacher. Her position having been eliminated, defendant's Board then voted to not renew plaintiff's contract.

In this suit brought under 42 U.S.C. § 1983, plaintiff alleges no violations of Federal or State *procedural* due process requirements by the defendant in reaching their decision not to renew her contract. Nor does she allege violations of any other Federal statutory or civil rights. She states that her claim "is based upon the

arbitrary and capricious elimination of her position with Defendant in violation of Plaintiff's rights of *substantive* due process of law." She alleges that under Arkansas law she had a legitimate expectation of continued employment, that is, a constitutionally protected property interest, of which she was deprived because (1) no reason other than a reduction in force was given to her for the non-renewal of her contract and (2) the person hired into the new position which superseded hers was less qualified than she. Thus, she claims, the actions of the defendant were arbitrary and capricious.

Defendant contends that Arkansas law does not grant a non-probationary teacher a constitutionally protected property interest in reemployment, citing *Clark v. Mann,* 562 F.2d 1104, 1115 (8th Cir.1977) ("Arkansas' 'continuing contract' system does not give rise to an expectation of continued reemployment such that a teacher has a constitutionally protected interest in reemployment.") Defendant therefore concludes that, because plaintiff's case rests entirely on her alleged property interest, the Court has no jurisdiction under § 1983.

Plaintiff counters this argument by pointing out that the *Clark* case was decided prior to the enactment of Act 766 of 1979, Ark.Stat.Ann. § 80–1264.9(b), which states in relevant part:

> Any certified teacher who has been employed continuously by the school district [for] three (3) or more years may be terminated or the board may refuse to renew the contract of such teacher for any cause which is not arbitrary, capricious, or discriminatory, or for violating the reasonable rules and regulations promulgated by the school board.....

The Court finds plaintiff's arguments to be without merit. The pleadings make it clear that plaintiff has not alleged that her non-renewal was based on some constitutionally or statutorily impermissible ground involving such matters as race, gender, religion or freedom of speech. She states simply that she was arbitrarily non-renewed because her position was eliminated due to a reduction in force and that another teacher was given a newly created related position for which she, the plaintiff, was more qualified. These allegations are insufficient to state a claim under § 1983.

First it must be noted that, according to her own allegations, she lost her old position because of a reduction in force (RIF), clearly a reason, assuming the allegation is true, that could in no event be characterized as arbitrary, capricious or discriminatory. Her real claim then is that she was not hired into, or promoted to, or transferred to, a newly created related position for which she was more qualified than the person actually chosen to fill that position. It is the defendant's decision not to put her in such new position—not the decision not to renew her in her old position—that plaintiff characterizes as being based upon the forbidden the "arbitrary" reason. For the purposes of the following analysis we will accept however, that she is not contending that the reasons for her *non-renewal* were arbitrary and capricious, a questionable assumption at best.[1]

Prior to the adoption of Act 766 of 1979, the contracts of all Arkansas teachers were automatically renewed absent some affirmative action by the school board. *Clark* 562 F.2d at 1114. In other words, contracts could be non-renewed for any reason, or no reason at all, so long as the reason for non-renewal was not constitutionally impermissible. Act 766 permitted the non-renewal of contracts of non-probationary teachers for any cause not arbitrary or capricious. Whether this language gives non-probationary teachers a property interest protected by the Fourteenth Amendment is a question to be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1979). A review of decisions by the Arkansas Supreme Court

---

1. Of course the statute does not purport to give any rights for refusing to hire, promote or transfer for arbitrary or capricious reasons.

shows that, although the precise question was before it in the case of *Chapman v. Hamburg Public Schools*, 274 Ark. 391, 394–5, 625 S.W.2d 477, 479 (1981), that court has never ruled on the issue. This Court believes, however, that were the issue before it, the Arkansas Supreme Court would hold that Act 766 of 1979 does not provide a non-probationary teacher with a property interest protected by the Fourteenth Amendment.

 This conclusion of the Court will be seen to follow from four observations. First, the Act itself states "This Act is not a 'teacher tenure' law and shall not be construed nor interpreted as a 'tenure' law." Ark.Stat.Ann. § 80–1264.2. Tenure, express or *de facto*, is the lynchpin for finding a Fourteenth Amendment property interest in continued employment in teacher cases. *See Scheelhaase v. Woodbury Central Community School Dist.*, 488 F.2d 237, 242 (8th Cir.1973), *cert. denied* 417 U.S. 969, 94 S.Ct. 3173, 41 L.Ed.2d 1140. Second, under Act 766 non-renewal need not be based on "just cause" or "sufficient cause," terms often found in statutes which courts find grant a Fourteenth Amendment property interest. *See Hayward v. Henderson*, 623 F.2d 596, 597 (9th Cir.1980). The "any cause" requirement of Act 766 has been interpreted by the Arkansas Supreme Court not to be the same as "sufficient" cause or "just" cause, but to be *any* cause "supportable on any rational basis." *Lamar School Dist. v. Kinder*, 278 Ark. 1, 4, 642 S.W.2d 885, 887 (1982) (holding any cause includes non-renewal of teacher-coaches' teaching contracts for a poor win-loss record). Clearly then, Act 766, as properly construed under Arkansas law, grants no right to continued employment, but merely conditions a non-probationary teacher's reemployment on affirmative action by the school board that is not arbitrary or capricious. Third, this Court takes note of a decision construing North Carolina law. Although the North Carolina statute refers to probationary teachers, the statutory conditions on non-renewal are identical to those specified in the Arkansas Act for non-probationary teachers. The

following is found in *Sigmon v. Poe*, 564 F.2d 1093, 1095–96 (4th Cir.1977):

> While N.C.Gen.Stat. § 115–142(m)(2) is phrased in part in language sometimes used in connection with due process or equal protection rights:
>
> > "The Board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract for any cause it deems sufficient; provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons,"
>
> the two should not be confused. Procedural due process under the Constitution must be accorded when the State interferes with State-created property rights, *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), or with a liberty interest, compare *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701 [2705], 33 L.Ed.2d 548 (1971), with *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1971).

> \*　　\*　　\*　　\*　　\*　　\*

> The court also found that § 115–142(m)(2) creates a property right in a probationary teacher not to have his reemployment denied for "arbitrary, capricious, discriminatory, or for personal or political reasons." But the statute as construed by the North Carolina courts does not reach this result. In *Taylor v. Crisp*, 286 N.C. 488, 212 S.E.2d 381, 386 (1975), the court said:
>
> > It seems incongruous indeed that a probationary teacher whose contract the county board of education had refused to renew for a fourth year should have a right to reemployment either with or without the recommendation of the superintendent. Yet if taken literally Sections (c) and (m)(2) would require the Board to reemploy the teacher whose contract it has refused to renew."
>
> It then held § 115–142(m)(2) to be advisory. We are, therefore, of opinion that,

while the statute may create a right of action in the State courts, it does not establish a property interest under the Fourteenth Amendment. Every disagreement between a public employee with his employer over matters of State law or the terms of his contract does not reach constitutional proportions.

Finally, in the *Scheelhaase* case decided by the Court of Appeals for the Eighth Circuit in 1973, an Iowa teacher brought an action under § 1983 claiming a violation of her "substantive due process" rights on the ground that her contract was not renewed for the arbitrary and capricious reason that her students showed low scores on standardized test results. The court, relying principally on its decisions made under Arkansas law, held that the absence of a tenure law precludes the maintenance of a suit under § 1983 unless there are allegations that the non-renewal was based on impermissible constitutional or statutory reasons such as race or first amendment violations.

Although *Scheelhaase* was decided under Iowa law, and the Arkansas law relied upon was pre-Act 799 of 1979, this Court believes the case is nonetheless persuasive in light of the other considerations discussed *supra*.

▮ In conclusion, this Court cannot hold that by merely requiring a school district to substantively act non-arbitrarily in non-renewing teachers' contracts, the State of Arkansas has created a constitutionally protected property interest equivalent to that enjoyed by teachers protected by tenure statutes.

▮ However, and perhaps more importantly, even if this Court were to hold that Act 766 of 1979 confers some type of property interest on non-probationary teachers under State law, plaintiff's allegations would still be insufficient to state a claim under § 1983. The *Sigmon* court found with respect to the North Carolina statute (which is virtually identical to the Arkansas statute with respect to cause for non-renewal), "while [it] may create a right of

action in the State courts, it does not establish a property interest under the Fourteenth Amendment." *Sigmon*, 564 F.2d at 1096. Taking that conclusion a step further, the court in *Atencio v. Board of Education of Penasco Indep. Sch. Dist.*, 658 F.2d 774, 779 (10th Cir.1982), held that, although a state may grant a teacher a property right that is protected by the Fourteenth Amendment, "the mere fact that a discharge may not be in accordance with state law does not necessarily mean that there has been a federal constitutional violation where hearings are available such as New Mexico affords Atencio." In that case a New Mexico school superintendent brought an action pursuant to § 1983 claiming that his discharge from employment was incorrectly based on the school district's claims that his work performance was unsatisfactory. The court found that even though the school board's conclusions regarding plaintiff's work performance might have been erroneous, that was "not enough to establish a federal constitutional claim." *Id.* at 780 (citing and quoting from *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975)). The *Atencio* court also relied on the *Scheelhaase* case to support its conclusions.

In summing up its decision, the court in *Atencio* stated:

> Where a property right is involved such as Mr. Atencio's which is protected by the Due Process Clause, it may not be taken away "without adherence to the minimum procedures required by that Clause." *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725. That Clause, however, has been adhered to in our opinion since Atencio was afforded a Local Board hearing for presentation of his evidence and assertion of his claim of denial of the state conference procedures, and since he has an appellate procedure therefor as well. His federal due process rights are not infringed and he may pursue his state law claims before the State Board and state courts.

*Atencio*, 658 F.2d at 781 (footnote omitted).

This Court also finds support for its position on this point in *Parratt v. Taylor*, 451

U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420. In that case the United States Supreme Court found that the respondent had failed to state a claim under § 1983 for the negligent loss of his property by the state because, even though he had suffered a deprivation of property, it was not a deprivation of property within the meaning of the Fourteenth Amendment because all process due him was provided by the state's tort claims procedure. The Court noted that: "Respondent here refers to no other right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process Clause of 'the Fourteenth Amendment *simpliciter.*" *Id.* at 536, 101 S.Ct. at 1913. The Court went on to state:

> Unquestionably, respondent's claim satisfies three prerequisites of a valid due process claim: the petitioners acted under color of state law; the hobby kit falls within the definition of property; and the alleged loss, even though negligently caused, amounted to a deprivation. Standing alone, however, these three elements do not establish a violation of the Fourteenth Amendment. Nothing in that Amendment protects against all deprivations of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivations "without due process of law." *Baker v. McCollan,* 443 U.S. 137, at 145 [99 S.Ct. 2689, 2695, 61 L.Ed.2d 433]. Our inquiry therefore must focus on whether the respondent has suffered a deprivation of property without due process of law.

*Id.* at 536–37, 101 S.Ct. at 1913–14 (footnote omitted).

The *Parratt* decision has raised a great deal of controversy as to whether a plaintiff can bring an action for a denial of due process of law when he can obtain a full remedy in state court. See the excellent discussion by Judge Marshall in *Begg v. Moffitt,* 555 F.Supp. 1344, 1353–65 (N.D.Ill. 1983). But a review of the post-*Parratt* decisions shows that the issues in those cases center on pre-deprivation versus post-deprivation hearings, problems with the

adequacy of the procedural process, non-property rights alleged (e.g., liberty interests) and intentional versus non-intentional torts. No case has addressed the very pure issue of whether an action under § 1983 can be maintained where the sole ground alleged for deprivation of a right to continue employment is based on the arbitrariness of the decision to discharge or non-renew a contract and is *not* based on allegations of inadequancy of the procedural due process available or any separate substantive right guaranteed by the Constitution or federal laws.

This Court finds that *Parratt* can reasonably be interpreted to support the following rule: Where a teacher's contract is non-renewed allegedly in violation of a state statute (and for that reason only), and that teacher is afforded a full state remedy including full procedural safeguards with the opportunity for a pre-determination hearing [2] by the school board and the right to appeal the school board's decision to the courts of the state for a judicial determination of whether the statute has been violated or not, then that teacher is precluded from bringing an action under § 1983. The concurring opinion of Judge Eschbach in *Vail v. Board of Education of Paris Union School District,* 706 F.2d 1435, 1448 (7th Cir.1983) (Eschbach, J., concurring) (emphasis added) would seem to support this rule:

> The instant case is not governed by *Parratt.* In this case, before the initial deprivation of Vail's property interest occurred—that is, before Vail was discharged—he could have been provided with a hearing, and the hearing would have provided him with a meaningful opportunity to guard against the risk of a wrongful or erroneous decision. The hearing requirement cannot guarantee an erroneous decision will not occur, but it does serve as a check on that possibility. *If Vail had been provided with such a hearing, and still had been discharged, and then attempted to bring a*

---

**2.** This Court need not decide if the *Parratt* rationale would apply if plaintiff were afforded only a post-deprivation hearing because Arkansas provides for a pre-deprivation hearing. *See* Ark.Stat.Ann. § 80–1264.8 and 1264.9; *Burden v. Hayden,* 275 Ark. 93, 627 S.W.2d 555 (1982).

*§ 1983 action, relief would be denied, and Parratt would be applicable.* In such a case, the "initial" deprivation of Vail's interest would have been in accordance with due process of law, and Vail could not complain about any "final" deprivation because such a deprivation would not have occurred unless and until he lost a breach of contract action in state court, in which case, assuming the state courts provided him with a full and fair opportunity to litigate his claim, he would have been accorded all the process that was due.

■ In the instant case, plaintiff rests her claim solely on errors she asserts were committed by defendant in exercising its discretion to eliminate her position and hire another teacher into a newly created position. There is no allegation that plaintiff's *procedural* due process rights under the Fourteenth Amendment or the Arkansas statute were infringed. And, as pointed out, there are no allegations of federal constitutionally or statutorily impermissible substantive grounds for her non-renewal. Finally, it is clear that, as a non-probationary teacher, she had a right to a pre-non-renewal hearing and the right to appeal her substantive due process claim based on the statute to the state courts of Arkansas and thence to the United States Supreme Court.

Plaintiff has a cause of action based upon the Arkansas statute. She has available a full remedy under State laws consistent with Federal due process requirements. Assuming the Arkansas law creates in her a form of property right, her Federal constitutional rights to procedural due process are protected and her Federal constitutional right to substantive due process is also protected because the state courts provide her a remedy and will hear and determine whether or not her contract was not renewed for an "arbitrary or capricious" reason. To hold otherwise would be to provide a basis for bootstrapping every cause of action based on state law into a § 1983 case.

Therefore, there being no basis for jurisdiction under § 1983, this case must be dismissed.

It is therefore Ordered that this case be, and it is hereby, dismissed for lack of Federal jurisdiction.