753 F.2d 363
 Lisa Ann THOMPSON, Appellant,
v.
PRINCE WILLIAM COUNTY; Robert S. Noe, Jr., Co. Executive
Pr. Wm. Co.; George Owens, Chief of Police Pr. Wm. Co.;
R.A. Canterella, Ind. and as a Police Officer of Pr. Wm.
Co.; D.M. McDonough, Ind. and as a Police Officer of Pr.
Wm. Co.; John Doe, et al., Unknown Police Officers, of Pr.
Wm. Co., Appellees.
 No. 84-6103.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 2, 1984.
Decided Jan. 31, 1985.
 
 Carleton Penn, III, Fairfax, Va. (Joseph L. Duvall, Duvall, Blackburn, Hale & Downey, Fairfax, Va., on brief), for appellant.
 Stephen A. MacIsaac, Asst. County Atty., Arlington, Va. (James A. Welch, Welch, Murphy & Welch, Wheaton, Md., John H. Foote, County Atty., Arlington, Va., on brief), for appellees.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Not every mix-up in the issuance of an arrest warrant, even though it leads to the arrest of the wrong person with attendant inconvenience and humiliation, automatically constitutes a constitutional violation for which a remedy may be sought under 42 U.S.C. Sec. 1983. Lisa Ann Thompson, regrettably, was the victim of a misidentification with most unfortunate consequences. An undercover police agent for the Prince William, Virginia, County Police Department, made a purchase on September 18, 1982 of marijuana from a woman identified to him as "Lisa". He had observed Lisa earlier driving through the parking lot of a restaurant. At that time he recorded the car's license plate number. Upon purchasing the marijuana, the undercover officer ran the license plate number through a department of motor vehicle computer which supplied the information that the owner was Lisa Ann Thompson.
 
 
 2
 Furthermore, a bouncer at the restaurant, a police informant himself, told the undercover officer that the woman he had seen driving the car was named Lisa. The undercover agent, following standard police department procedure, waited from September 18, 1982 until February 28, 1983, endeavoring to complete accumulation of information requisite to the seeking of a warrant. He then applied for and was successful in obtaining an arrest warrant. Two traffic citations for Lisa Ann Thompson had been obtained, and it was from them that an accurate description of her appearing in the warrant application was derived.
 
 
 3
 In the regular course, on March 7, 1983 the warrant was placed in the hands of another officer for execution. Knowing nothing of the prior investigation or the basis for the warrant, he located Lisa Ann Thompson and placed her under arrest. Brought to the county police department, she was processed and released. Information concerning that arrest became public, and prominently displayed newspaper stories appeared.
 
 
 4
 Thereafter, on April 15, 1983, the day of Lisa Ann Thompson's first court appearance, the undercover agent, on seeing her, realized that she was not the person from whom he had purchased marijuana. The Commonwealth's attorney was so informed and all charges were dismissed.
 
 
 5
 While there are details which with hindsight might have alerted the undercover agent or the officer serving the warrant that Lisa Ann Thompson might not be the person sought, it simply demands too much to expect police officers, on the basis of slight discrepancies of height (5' 5"' as against 5' 7"') and weight or in color of eyes (blue versus brown) and hair (blond as opposed to brown), to abandon obtention or execution of a warrant on someone who, for other strong indications (identity of first name, confirmation of the first name by a police informant, close connection with vehicle registered in Lisa Ann Thompson's name), meets the warrant's description. We are satisfied that under the totality of the circumstances there was probable cause to support application for and execution of the warrant, and that the warrant was valid. See Illinois v. Gates, 462 U.S. 213, 230-39, 103 S.Ct. 2317, 2328-32, 76 L.Ed.2d 527 (1983). On those grounds the case instituted by Lisa Ann Thompson under 42 U.S.C. Sec. 1983 was properly dismissed against all defendants.[1]
 
 
 6
 Additionally, there were John Doe defendants, that is, unnamed officers of the Prince William County Police Department. Nothing demonstrated any grounds suggesting Sec. 1983 liability for any other Prince William County Police Department member.
 
 
 7
 The district court, once it had determined, at the summary judgment stage, that the Sec. 1983 claim should be dismissed, properly exercising its discretion, under Sigmon v. Poe, 564 F.2d 1093, 1096 (4th Cir.1977) was altogether justified in declining to assume pendent jurisdiction over state claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence, libel, slander, invasion of privacy, and gross negligence. There were, of course, no independent diversity jurisdiction grounds, and, the federal claim having been finally disposed of prior to trial, the district judge acted well within his discretion.
 
 
 8
 The judgment below is, accordingly,
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Most immediately, the undercover agent and the officer serving the warrant properly were granted summary judgment. Furthermore, the County, the County Executive, and the Chief of Police were not actors in the unfolding drama. Since respondeat superior is not applicable in actions under 42 U.S.C. Sec. 1983, they could have been held liable only upon the demonstration of a custom, practice or policy to whose development they had in any way contributed. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In all events, the culpability of either the undercover agent or the police officer who served the warrant was indispensable to a recovery against the County, the County Executive and the Chief of Police