838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George BREWSTER, Appellant,
v.
JOHN DOE, NO. 1; John Doe, No. 2; Linda Anderson, The
Mount Vernon Hospital, Burlington MaGuire, M.D., Robert H.
Robertson, M.D., Nooreddin Mirmairani, M.D.; Anne
Fortescue; Jill Inskeep; Bernadette Lester; Robert W.
Gideon; William A. Moore; David A. Hertzer; Jose Aunon;
Millie Wright; Sarah Fogelson; Linda Anderson and Donald
Burlington, M.D., Appellees.
George BREWSTER, Appellant,
v.
JOHN DOE, NO. 1, John Doe, No. 2, Linda Anderson, The Mount
Vernon Hospital, Burlington MaGuire, M.D., Robert Robertson,
M.D., Nooreddin Mirmairani, M.D., Anne Fortescue, Jill
Inskeep, Bernadette Lester, Robert W. Gideon, William A.
Moore, David A. Hetzer, Jose Aunon, Millie Wright, Sarah
Fogelson, Donald Burlington, M.D., Appellees.
 Nos. 86-2002, 86-2012.
 United States Court of Appeals, Fourth Circuit.
 March 19, 1987.
 
 Ralph L. Payne on brief, for appellant.
 John J. Brandt (Robert S. Corish; Slenker, Brandt, Jennings & Jennings) Robert Lyndon Howell, Senior Assistant County Attorney (David T. Stitt, County Attorney; Randolph D. Frostick; Miles & Stockbridge; George A. McAndrews; Gary A. Godard & Associates, on brief), for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Brewster appeals from the district court's order granting the defendants' motion for summary judgment and their motion to dismiss this action brought pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 I.
 
 2
 On July 23, 1983, Brewster, a 46 year-old resident of Fairfax County, Virginia, telephoned a Fairfax County magistrate and asked that a pending indecent exposure charge filed against him in the federal district court be dropped. During the conversation, appellant threatened to harm himself and stated that he was very depressed. Moments later, the magistrate orally directed the Fairfax County police to pick up Brewster at his home and transport him to the nearby Mt. Vernon Community Mental Health Center ("Mt. Vernon") for a mental evaluation.[1] The police officers carried out the order. Brewster was subsequently kept under observation at Mt. Vernon for three days and was diagnosed as a chronic schizophrenic. On July 26, 1983, Brewster was released.
 
 
 3
 In July, 1985, appellant filed this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging that he was denied due process of the law by police officers who detained him by transporting him involuntarily to Mt. Vernon. Brewster also contends that the health care providers practicing there, who kept and treated him against his will denied him due process. The district court granted the police officers' motion for summary judgment and dismissed Brewster's claim against Mt. Vernon and the health care providers finding no state action. This appeal followed.
 
 II.
 
 4
 On appeal, Brewster contends that the district court erred in granting the police officers' motion for summary judgment based upon their good faith reliance upon the magistrate's order. Appellant also argues that Mt. Vernon and the health care providers are state actors because (1) Mt. Vernon receives federal funds, (2) the health care providers exercised a duty reserved to the state when it detained appellant against his will, and (3) the health care providers were paid by the state. We disagree with all of these contentions.
 
 
 5
 Brewster suggests that the police officers violated his due process rights by carrying out a judicial order in good faith which he argues was issued without proper jurisdiction. Even assuming the order is invalid, we find no merit in this contention. We have held that due process is not violated by police officers who rely upon an order in good faith which is subsequently determined to be invalid. Thompson v. Prince William County, 753 F.2d 363 (4th Cir.1985). We have also held that receipt of federal funds does not transform a private hospital into a state actor, Modaber, M.D. v. Culpeper Memorial Hospital, 672 F.2d 1023 (1982). Nor will participation in detention proceedings make a health care provider a state actor. Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980). Finally, we reject appellant's assertion that physicians who are compensated by the state are state actors even though they earn the bulk of their compensation from private practice. Calvert v. Sharpe, 748 F.2d 861 (4th Cir.1984).
 
 III.
 
 6
 For the foregoing reasons, we accordingly affirm.
 
 
 7
 AFFIRMED.