818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence G. DE SANTIS, Plaintiff--Appellant,
v.
Michael PEREGOY, Individually and as a Police Officer;
Cornelius J. Behan, in his capacity as Chief of Police;
Baltimore County Police Department, Agency of Baltimore
County; Baltimore County, A Body Politic of the State of
Maryland; Thomas Harris, Captain; Jerry Blevins,
Lieutenant; Glen Calhoun, Officer; Robert Baldauf,
Officer; Terry Conway, Officer; Cross, Sergeant,
Defendants-- Appellees.
 No. 86-1089.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 23, 1986.
 Decided May 5, 1987.
 
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 Leslie L. Gladstone, P.A., on brief, for appellant.
 Malcolm F. Spicer, Jr., John A. Austin, Office of the County Attorney, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Lawrence G. DeSantis appeals the entry of summary judgment in favor of the defendants in his 42 U.S.C. Sec.l983 action. For the reasons stated below, we affirm.
 
 
 2
 DeSantis was the unfortunate victim of misidentification by the police. The facts are adequately summarized in the district court's orders of May 28, 1985 and February 13, 1986, and will be only briefly stated here. Baltimore County police officers were conducting an investigation of a drug operation, and the name "Larry DeSantis" emerged via wiretaps as an individual acting illegally. The officers lost track of "DeSantis" and utilized information from the telephone and gas companies, and the motor vehicle department to track "DeSantis" down. The grand jury, upon information from the defendants, indicted DeSantis, and he was arrested, strip-searched, and held for about two hours before release on his own recognizance. He was not allowed to contact an attorney while in custody those two hours. Subsequent comparison of voices indicated that the Larry DeSantis arrested was not the Larry DeSantis sought by the police.
 
 
 3
 Lawrence DeSantis brought this 42 U.S.C. Sec.l983 action alleging three federal constitutional violations and pendent state claims. DeSantis claimed that the defendants willfully, maliciously and without probable cause wrongfully arrested him in violation of the Fourth Amendment; denied him his Sixth Amendment right to counsel; and subjected him to an unreasonable and intrusive strip-search, in violation of his Fourth Amendment rights.
 
 
 4
 By its order of May 29, 1985, the district court entered summary judgment on DeSantis' wrongful arrest claim. The court found that probable cause existed sufficient to support the officers' application for an arrest warrant. This conclusion is consistent with the undisputed facts and the applicable law, see Thompson v. Prince William County, 753 F.2d 363 (4th Cir. 1985), and summary judgment was entered appropriately.
 
 
 5
 By its order of February 13, 1986, the district court granted summary judgment for the remaining defendants on DeSantis' Fourth and Sixth Amendment claims. Taking the facts in the light most favorable to DeSantis, the record reflects that DeSantis was denied the use of a telephone for at most two and one-half hours. These facts are insufficient to state a Sixth Amendment claim.
 
 
 6
 DeSantis challenged in his complaint both the constitutional validity of the Baltimore County strip-search policy and its application to him. Bell v. Wolfish, 441 U.S. 520 (1979), and subsequent case law require that there be a reasonable suspicion that a search will uncover dangerous weapons or contraband. The Baltimore County policy reiterates this requirement of reasonable suspicion based on specific factors. The policy does not give unfettered discretion to officers -each decision to search must be approved by a superior. Thus, we concur in the district court's conclusion that the policy is constitutional,
 
 
 7
 DeSantis argues that because no individualized determination of reasonableness was made prior to his search, his search was in violation of his Fourth Amendment rights. The County based the decision to strip-search DeSantis, along with 31 other suspected drug offenders, on the sound determination that drug offenders are very likely to be carrying contraband. Thus, DeSantis' search met the "reasonable suspicion" standard, and was not unconstitutional.
 
 
 8
 We uphold the district court's determinations that probable cause existed to support the application for an arrest warrant, that DeSantis failed to state a Sixth Amendment claim, and that DeSantis' Fourth Amendment rights were not violated by his subjection to a strip search upon a valid, albeit mistaken, arrest. DeSantis' pendent state claims relating to the arrest were appropriately dismissed after the district court found the arrest to be supported by probable cause.
 
 
 9
 The facts and legal arguments are presented adequately in the briefs and record, and the decisional process would not be aided significantly by oral argument. We accordingly dispense with oral argument and affirm the judgment of the district court.
 
 
 10
 AFFIRMED.