Walter VILLEDA

v.

**PRINCE GEORGE'S COUNTY, MD, et al.**

No. Civ.A. DKC 2001–2566.

United States District Court, D. Maryland.

Aug. 29, 2002.

Henry A. Escoto, Washington, DC, for plaintiff.

Shalisha Hines Ivy, Office of Prince George's county, Upper Marlboro, MD, for defendants.

Ariana Wright Arnold, Office of U.S. Atty., Baltimore, MD, for movant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this civil rights case brought under 42 U.S.C. § 1983 is the Motion of Defendants Prince George's County, Maryland and Detective Kurt Godfrey to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment.[1] The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court shall grant Defendants' motion for summary judgment.

---

[1]. On February 13, 2002, Defendants filed a motion to supplement the motion to dismiss or, in the alternative, motion for summary judgment (Paper 17). Plaintiff filed his Opposition to Defendants' Motion to Dismiss or, in

### I. Standard of Review

Defendants have moved to dismiss for failure to state a claim on the basis of FED.R.CIV.P. 12(b)(6) or, in the alternative, for summary judgment on the basis of Rule 56. A court only considers the pleadings when deciding a Rule 12(b)(6) motion. If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Rule 56.

■ While Defendants have entitled their motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, their argument is based only on the Rule 56 summary judgment standard. Furthermore, the parties have submitted matters outside the pleadings and, according to the parties' Joint Status Report submitted on June 11, 2002, discovery in this case has been completed. Defendants' motion, thus, shall be considered a motion for summary judgment and decided accordingly.

It is well established that a court may grant a motion for summary judgment only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979). A material fact is one that constitutes an element that is essential to a party's case. *Celotex v.*

the Alternative, Motion for Summary Judgment nearly five months later on July 11, 2002. Defendants' Motion to Supplement is therefore granted.

*Catrett,* 477 U.S. at 322–23, 106 S.Ct. 2548. As the Supreme Court stated in Anderson, "... the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." 477 U.S. at 248, 106 S.Ct. 2505.

A genuine issue as to a material fact exists if the evidence that the parties present to the court is sufficient to indicate the existence of a factual dispute that could be resolved in the non-moving party's favor through trial. *See Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. While it is the movant's burden to show the absence of a genuine issue of material fact, *Pulliam Investment Co., Inc. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987), it is the non-moving party's burden to establish its existence. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence that the non-moving party presents to this end must be more than a "mere scintilla," *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984), more than "merely colorable," *Celotex v. Catrett,* 477 U.S. at 327, 106 S.Ct. 2548, and more than "some metaphysical doubt." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. In order for the non-moving party to survive summary judgment, it must present evidence that is "significantly probative." *Celotex v. Catrett,* 477 U.S. at 327, 106 S.Ct. 2548.

Applying these principles, the Defendants' motion for summary judgment shall be considered below while the inferences that the court draws from the facts and evidence presented shall be viewed "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *see also Matsushita,* 475 U.S. at 587–88, 106 S.Ct. 1348; *Pulliam,* 810 F.2d at 1286; *Gill,* 773 F.2d at 595.

## II. Background

This case arises out of the arrest of Plaintiff Walter Villeda by Detective Kurt Godfrey of the Prince George's County Police Department on December 21, 1998. The following facts are alleged by Plaintiff.

The events leading up to the arrest begin on August 20, 1998, when Plaintiff sold a used vehicle to Mr. Marcus Adair. As payment for the vehicle, Adair gave Plaintiff a check written by a third party. Soon after this transaction took place, Plaintiff discovered that the check had been drawn on a closed account and on August 23, 1998, Plaintiff reported to Prince George's County Police that Adair had stolen his vehicle by obtaining it with a bad check. In the meantime, Plaintiff located the vehicle near Adair's home in Forestville, Maryland and police impounded the vehicle because neither Plaintiff nor Adair could produce vehicle registration.

On August 24, 1998, Adair called Prince George's County Police to his home and alleged that he had been assaulted by two men. Adair told police that Plaintiff and another man had approached him while he was entering his apartment after returning from a trip to the dumpster. Adair reported that Plaintiff had sold him a vehicle a few days before and had come to his apartment, producing a handgun and demanding the vehicle's return. In Adair's statement to police, taken by Detective Godfrey more than three months later on December 2, 1998, Adair recounted these events, adding that he had escaped harm on August 24, 1998 when the neighbor in apartment 204 had screamed, allowing him quickly to close the door of his apartment, and that on or about November 21, 1998, Plaintiff had come to his place of work and threatened that he would kill Adair if Adair ever called the police or tried to press charges. Defendants do not dispute that Adair's allegations were false. Both

times that Adair talked to the police, he supplied the same, false Vehicle Identification Number (VIN) for the vehicle at issue.

Defendant Godfrey ran a criminal history check on Adair, a check with the Motor Vehicle Administration with the VIN Adair had supplied, and obtained Adair's driving record. Adair's criminal record is lengthy. The check on the VIN did not produce a record or registration of a vehicle owned by Adair. Furthermore, because the VIN was false, the check also did not reveal that the vehicle at issue had been impounded nor did it reveal evidence of the bad check dispute surrounding the vehicle. The check on Adair's driving record revealed that his license had expired two years earlier. Despite these facts and without further investigation, Defendant Godfrey executed an Application for Statement of Charges against Plaintiff on December 3, 1998. Based on this Application, a warrant for Plaintiff's arrest for carjacking and theft was issued on December 5, 1998 by a Prince George's County Commissioner. Plaintiff was subsequently arrested on December 21, 1998, incarcerated, and then released on bond.

A Prince George's County grand jury indicted Plaintiff in January 1999 for felony offenses including theft, assault, and possession of a handgun. After further investigation into the matter however, the State's Attorney's Office dismissed the case against Plaintiff, filing *nolle prosequi* in the case on June 10, 1999.

On August 24, 2001, Plaintiff filed a complaint against Defendants, amending the complaint on November 21, 2001 to correct the name of Detective Kurt Godfrey. Plaintiff claims that as a result of the failure to investigate the unsubstantiated and false allegations made against Plaintiff by Adair, before applying for the arrest warrant, Defendant Godfrey is now liable for 1) violation of Plaintiff's civil rights, 2) false imprisonment and arrest,[2] 3) the intentional infliction of emotional distress, and 4) malicious prosecution. Plaintiff further claims that, based on the policies and procedures of the Prince George's County Police Department and based on respondeat superior liability as Detective Godfrey's employer, Prince George's County, Maryland is liable for both Defendant Godfrey's violation of Plaintiff's civil rights as well as his intentional and negligent acts.

After answering the complaint, Defendants jointly filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on December 17, 2001. Defendants aver that the pleadings and interrogatories in this case show that no genuine issue of material fact exists and that Defendants are therefore entitled to judgment as a matter of law. Defendants effectively amended the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on February 13, 2002 (see *supra* n. 1), attaching documents inadvertently omitted in its original submission and correcting certain facts in the original submission. Plaintiff filed his Opposition on July 11, 2002 and Defendants replied on August 2, 2002.

### III. Analysis

#### A. Section 1983 Claim

Section 1983 of Title 42 of the United States Code renders liable anyone who, acting under color of law, deprives another of any of his or her rights, privileges, or immunities secured by the Constitution. Plaintiff's claim is that Defendant Godfrey, acting under color of law, violated his

---

**2.** Plaintiff has subsequently dropped these claims in its response to Defendants' motion for summary judgment by declining to oppose the motion with respect to these claims pursuant to *Davis v. DiPino*, 121 Md.App. 28, 82, 708 A.2d 357, 384 (1998).

Fourth Amendment rights by intentionally or recklessly making false statements or omissions in his affidavit in support of the warrant for Plaintiff's arrest and that these statements or omissions were necessary to the determination of probable cause. Plaintiff further claims that Defendant Godfrey recklessly omitted Adair's significant criminal history from the affidavit and that this criminal history would have militated against the finding of probable cause requisite for the issuance of the arrest warrant. Finally, Plaintiff claims that Defendant Godfrey failed to conduct a reasonable investigation that would have revealed the bogus nature of Adair's allegations and entirely obviated the need for the arrest warrant and its application.

■ As the Fourth Circuit has observed, "[n]ot every mix-up in issuance of an arrest warrant, even though it leads to the arrest of the wrong person with attendant inconvenience and humiliation, automatically constitutes a constitutional violation for which a remedy may be sought under 42 U.S.C. § 1983." *Thompson v. Prince William County*, 753 F.2d 363, 363 (4th Cir.1985). It is presumed that a probable cause determination by a neutral and detached magistrate—as was made in this case—renders a pretrial seizure reasonable. *See Brooks v. City of Winston–Salem*, 85 F.3d 178, 184 (4th Cir.1996). The standard for finding a Fourth Amendment violation by an officer who applied for and obtained an arrest warrant is "whether a reasonably well-trained officer in [Defendant's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In order to survive this motion for summary judgment therefore, Plaintiff must show significantly probative evidence that a reasonable officer in Godfrey's position would have known that probable cause to support the arrest warrant was lacking.

■ Plaintiff insists that Detective Godfrey violated his Fourth Amendment rights by knowingly or recklessly making false statements or omitting material facts in the affidavit in support of the arrest warrant. However, Plaintiff does not dispute that in two separate instances the complaining witness Adair, who attested to the truth of his statements both times, told police that Plaintiff had threatened him with a gun and demanded possession of the vehicle. The Fourth Circuit has concluded that "[i]t is reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker." *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir.1991). Consequently, it was reasonable for Detective Godfrey to rely on Adair's statements identifying Plaintiff as the offender in the arrest warrant application.

■■ Plaintiff's claims boil down to a complaint that Detective Godfrey did not investigate the incident between Plaintiff and Adair thoroughly enough to uncover the information that would have exculpated Plaintiff. However, the failure to pursue potentially exculpatory leads, in itself, is not sufficient to negate probable cause. *See Clipper v. Takoma Park*, 876 F.2d 17, 20 (4th Cir.1989). Furthermore Plaintiff has not presented any facts that would indicate that Detective Godfrey acted with the "reckless disregard" or made the "deliberate misstatements" requisite for a showing of a Fourth Amendment violation. *See Franks v. Delaware*, 438 U.S. 154, 170, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant ... Allegations of negligence or innocent mistake are insufficient." *Id.* at 171, 98 S.Ct. 2674. With no underlying constitutional liability by Defendant Godfrey, there can be no municipal liability for Prince George's County.

Plaintiff's claim under 42 U.S.C. § 1983 against both Defendants therefore fails and summary judgment will be granted.

### B. Intentional Infliction of Emotional Distress

 Defendants also move for summary judgment on Plaintiff's state law claim of intentional infliction of emotional distress. The elements of the tort of intentional infliction of emotional distress are: 1) intentional or reckless conduct, 2) that was extreme and outrageous, 3) the conduct caused plaintiff's emotional distress, and 4) plaintiff's emotional distress was severe. *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611, 614 (1977). Conduct is intentional or reckless where the defendant "desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct; or where the defendant acts recklessly in deliberate disregard of a high degree of probability that the emotional distress will follow." *Id.* at 567, 380 A.2d 611.

Plaintiff has not presented any allegation that would support an inference that Detective Godfrey's actions in applying for and obtaining a warrant for Plaintiff's arrest were motivated by a desire to inflict emotional distress on Plaintiff or carried out with reckless disregard for Plaintiff's emotional distress. In fact, the analysis of the section 1983 claim above reflects that Detective Godfrey's actions were reasonable. Plaintiff therefore fails to establish any genuine dispute regarding the existence of the first element of this tort. Summary judgment is therefore granted with respect to this claim.

### C. Malicious Prosecution

 Defendants also move for summary judgment on Plaintiff's state law claim of malicious prosecution. The elements of malicious prosecution are: 1) a criminal proceeding instituted or continued by the defendant against the plaintiff, 2) termination of the proceeding in favor of the accused, 3) absence of probable cause for the proceeding, and 4) "malice" or a primary purpose in instituting the proceeding other than that of bringing an offender to justice. *Exxon Corp. v. Kelly,* 281 Md. 689, 693, 381 A.2d 1146, 1149 (1978). Without addressing the other elements of the claim, it has already been established that probable cause was not absent from the proceedings against Plaintiff. Summary judgment is therefore granted with regard to the claim of malicious prosecution as well.

### D. State Law Liability of Prince George's County, Maryland

With no state law liability by Defendant Godfrey, there is accordingly no respondeat superior liability for Prince George's County. Summary judgment on Plaintiff's state law claims is therefore also granted in favor of Defendant County.

## IV. Conclusion

For the foregoing reasons, the court will grant the motion for summary judgment on Plaintiff's claim brought under 42 U.S.C. § 1983 and Plaintiff's state law claims of intentional infliction of emotional distress, malicious prosecution, and false imprisonment and false arrest. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of August, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' motion to supplement the motion for summary judgment BE, and the same hereby IS, GRANTED;

2. Defendants' motion for summary judgment under Fed.R.Civ.P. 56 BE, and the same hereby IS, GRANTED;

3. JUDGMENT BE, and the same hereby IS, ENTERED in favor of Defendants Prince George's County, Maryland and Detective Kurt Godfrey, and against Walter Villeda on all counts; and

4. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and close this case.